CLAYTON R. BILLINGS *vs.* JOYCE C. WILSON.

Hampden. March 7, 1986. — May 21, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Consumer Protection Act*, Availability of remedy. *Landlord and Tenant*, Consumer protection. *Words*, "Trade or commerce."

Rental of a dwelling unit in an owner-occupied two-family house by a landlord who owned no other rental property was not "trade or commerce" within the meaning of G. L. c. 93A, § 2, and, thus, the remedial provisions of the Consumer Protection Act were not available to the tenant. [614-616]

CIVIL ACTION commenced in the Hampden County Division of the Housing Court Department on January 21, 1985.

The case was tried before *Edward C. Peck, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Peter Benjamin* for the defendant.

*J. Paul Adams* for the plaintiff.

HENNESSEY, C.J. In this case a judge of the Housing Court in Hampden County held that the consumer protection statute, G. L. c. 93A, § 2 (1984 ed.), does not apply to the rental of a dwelling unit in an owner-occupied two-family house. We conclude that there was no error.

Joyce Wilson (tenant) rented an apartment from Clayton Billings (landlord). The apartment is the first floor of a two-family house. The landlord owns the house and occupies the second-floor apartment. It is clear from the briefs of both parties that this one apartment is the only rental property with which the landlord is concerned. Beginning in September, 1984, the tenant began to withhold her rent because of violations of the State Sanitary Code. The landlord in January, 1985, commenced a summary process action, seeking possession and

rent. The tenant filed an answer and counterclaim alleging breach of the warranty of habitability, interference with quiet enjoyment (G. L. c. 186, § 14 [1984 ed.]), retaliation (G. L. c. 186, § 18 [1984 ed.]), and violation of G. L. c. 93A (1984 ed.). The case was tried before a jury of six. The judge declined to submit the c. 93A counterclaim to the jury, and ruled that the rental activity in which the landlord was engaged was not "trade or commerce" within the meaning of § 2 of that statute. On the warranty of habitability counterclaim the jury found for the tenant in an amount greater than the total amount of rent withheld by the tenant, and the judge accordingly ordered a judgment of dismissal of the landlord's claim for possession, and ordered that the tenant receive a credit against future rent in the amount by which the award on the tenant's counterclaim exceeded the amount of past rent due to the landlord. The tenant appealed the judge's ruling on the c. 93A counterclaim, and this court took the case for direct review on its own motion.

We conclude that the judge was correct in ruling that c. 93A is not applicable in the circumstances of this case. Our reasoning in several opinions supports the judge's ruling.

In *Lantner* v. *Carson*, 374 Mass. 606, 610 (1978), we held that the remedial provisions of c. 93A were not available against defendants who as private individuals sold the plaintiffs their home, where the transaction was private in nature and in no way undertaken in the ordinary course of a trade or business. We reached this conclusion despite the apparently wide reach of c. 93A, § 1 (*b*) (1984 ed.), in its language that the statute covers activities concerning the "sale . . . of any . . . property, . . . real, personal or mixed." This phrasing is to be compared in its apparent breadth to the "clear" language on which the tenant here relies, which extends the application of the statute to the "rent. . . of any . . . property." G. L. c. 93A, § 1 (*b*).

Although the case concerned § 11 of c. 93A, the issue in *Begelfer* v. *Najarian*, 381 Mass. 177 (1980), was, as in the instant case, whether the defendants were engaged in "trade or commerce." We emphasized in *Begelfer, supra* at 190, that, in employing the term "persons engaged in the conduct of any trade or commerce," the Legislature intended to refer specifi-

cally to individuals acting in a business context. In *Commonwealth* v. *DeCotis*, 366 Mass. 234, 238 (1974), we stated that c. 93A is "one of several legislative attempts in recent years to regulate business activities with the view to providing proper disclosure of information and a more equitable balance in the relationship of consumers to persons conducting business activities."

In *Begelfer, supra* at 190-191, we said that whether the transaction takes place in a "business context" must be determined from the facts of each case, and that in each case the court must examine the nature of the transaction, the character of the parties involved, and the activities engaged in by the parties. We think that in the circumstances here, concerning the rental of a dwelling unit in an owner-occupied two-family house, where the landlord owns no other rental real property, c. 93A is not applicable. The relationship between the landlord and tenant here was of a private nature, and in no way concerned a trade or business. See *Lantner, supra* at 610. We have said (*Begelfer, supra* at 191) that c. 93A may apply in some cases where the transaction does not concern the *principal* business of the defendant, but we have also stated that we should examine whether the transaction is motivated by business or personal reasons. *Id.* In this case the commercial activity of the landlord is at a low level, and his motivation — that of mitigating the economic burden of supporting his home — is of a personal rather than a business nature.

*Judgment affirmed.*