Kelly, J.
The plaintiffs in this action seek relief pursuant to M.G.Lc. 231, §85J, and c. 93A, claiming fraud and deceit in the sale of a house which they allege to have contained defects known and concealed by the defendant. The trial judge found for the defendant on both counts.
As set forth in the Report, there was evidence at the trial tending to show that on or about July, 1985, the defendant purchased a two-story family residence at 8 Payson Road in Billerica, Massachusetts. The defendant’s stated purpose in purchasing this residence was for investment purposes: he bought the house in a run-down condition, performed some repair work and sold it shortly thereafter to the plaintiffs at a profit. The defendant never lived in the house at any time, nor did he ever intend to reside there.
On or about December 6, 1985, the parties entered into a Purchase and Sale Agreement for .the purchase of the premises at 8 Payson Road. The sale was consummated on or about January 29,1986. In July of 1986, the plaintiffs discovered extensive wood damage to the outer wall and a window caused by ants and water. The damage was allegedly concealed by the placement of a new sheetrock wall over the outer wall in question.
Count I of the plaintiffs’ complaint sought relief under M.G.Lc. 231, §85J:
Whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him. (emphasis added.)
The trial judge ruled that the plaintiffs were not entitled to relief under this statute because it applies to sales of personal, and not real, property. We affirm.
Count II of the plaintiffs’ complaint seeks relief under the Massachusetts Consumer Protection Statute, M.G.Lc. 93A. Chapter 93A prohibits “unfair or deceptive acts or practices in the conduct of any trade or commerce,” (§2), and defines trade or commerce to include the sale of real property (§1). The statute affords a private right of action to persons who suffer loss upon the purchase of property “as a result of the use... by another person of an unfair or deceptive act or practice...” (§9).
The plaintiffs failed to present any evidence tending to show that the defendant was engaged in the business of real estate sales, or that this particular transaction took place in his ordinary course of business. “[T]he proscription in §2 of ‘unfair or deceptive acts or practices in the conduct of any trade or commerce’ must be read to apply to those acts or practices which are perpetrated in a business context” Lantner v. Carson, 374 Mass. 606, 611 (1978). “...G.Lc. 93A creates a sharp distinction between a business person and an individual who participates in commercial transactions on a private, nonprofessional basis.” Id. at 610.
The facts in Lantner, involving the sale of a home where both the defendants and the plaintiffs were private individuals, are similar to those contained in the record of *211 this case. The Supreme Judicial Court’s holding that “...G.Lc. 93A is not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business,” Id. at 608, controls here. See also Billings v. Wilson, 397 Mass. 614 (1986) (rental of dwelling unit in owner-occupied two-family house by a landlord who owned no other rental property was not “trade or commerce” within the meaning of G.Lc. 93A, §2; relationship between the landlord and tenant was of a private nature, and in no way concerned a trade or business).
The Report is dismissed.