Hurley, J.
The plaintiffs bring this action to recover damages for misrepresentation and deceptive business practices in connection with their purchase from the defendants of a renovated single family dwelling. After trial the judge awarded double damages and attorney’s fees on the G.L.c. 93Aclaim. The defendants claimed a report.
In his comprehensive memorandum of decision, the trial judge found that the defendants purchased the subject single family dwelling as an investment. The defendant Hem agreed to do the renovation work. The defendant Powers agreed to provide the necessary funding. The renovations were substantial: new kitchen, laundry room, finishing one-half of the basement, adding a master bedroom suite and skylight, and performing extensive exterior painting and landscaping. The property was purchased by the defendants in 1985 for $161,000. The plaintiffs purchased the renovated home from the defendants in 1986 for $315,000. Prior to executing a purchase agreement, the plaintiffs engaged the services of a home inspector. During the inspection the plaintiffs informed the defendants that they intended to use the basement for living space, specifically as a den or family room. The plaintiffs were concerned whether the basement was dry and therefore suitable to that use. The defendants assured the plaintiffs that it was a dry basement. No language specific to a dry basement warranty or representation was included in the purchase agreement. At the time of the inspection some obvious signs of water damage in the basement area were observed by the plaintiffs, defendants and the home inspector.
Soon after the plaintiffs purchased the home and moved in, signs of water leaks appeared in the basement area. After significant rainstorms, larger amounts of water entered the basement. Water seepage occurred regularly whenever there was rainfall of mo re than a brief duration. The judge credited the opinion of an expert called by the plaintiffs. He determined that the water infiltration problem existed for “multiple years” prior to 1989. The judge found that the defendants had knowledge of water leakage into the basement prior to the sale to the plaintiffs.
The defendants claim error by the judge in finding fraud in the transaction; in finding for the plaintiffs on their claim under G.L.c. 93A; and in the denial of the defendants’ requests for rulings of law numbered eleven and sixteen:
Request No. 11. As a prerequisite to recover under M.G.L. Chapter 93A, the plaintiffs must prove as a special element of their case that they sent a demand letter under Chapter 93A Section 9 and that the defendants’ refusal to settle the dispute was in bad faith. Glickman v. Brown, 21 Mass. App. Ct. 229 (1985).
Aetion bv the Court:
*34 Denied. The request is correct insofar as it asserts that a demand letter is a prerequisite to recovery under G.L.c. 93A, but incorrect insofar as it asserts that the defendants... must be found to have engaged in “bad faith.”
Request No. 16. The evidence warrants a finding that the defendants were not engaged in the conduct of trade or commerce within the meaning of M.G.L. Chapter 93A. Murphy v. Passalacqua, 1990 Mass. App. Div. 210.
Action bv the Court:
Denied.
We focus on these requests for rulings since the issues raised by their denials comprise the only issues presented for review. The trial court’s denial of request number 11 is correct. The court found that the defendants’ failure to grant relief upon demand was not in bad faith because the defendants reasonably believed at the time that they were not engaged in a trade or commerce. G.L.c. 93A liability requires proof that the defendants engage in “unfair or deceptive acts or practices in the conduct of any trade or commerce.” The measure of damages once a violation of section 9 is found, is actual damages and attorney’s fees, unless the court finds that the deceptive act or practice was engaged in knowingly or willfully, or that the defendants’ refusal to grant relief upon demand was in bad faith. Since the trial judge found that the deceptive act or practice (that the basement was dry, did not get wet, and would not be wetin thefuture)[3] was knowingorwillful, G.L.c. 93A§9 is satisfied. We find no error in the denial of request number 11.
In considering the trial court’s ruling on request number 16, the trial judge, in painstaking detail, considered all of the factors enumerated by the Supreme Judicial Court in Begelfer v. Nagarian, 381 Mass. 177, 190-191 (1980), to determine whether the defendants were engaged in trade or commerce. One defendant was a licensed real estate broker at the time of the sale and is engaged full time in the home improvement business. The other defendant has been in the insurance business for more than 30 years and engaged in one prior real estate development.
Neither defendant ever lived in nor intended to reside in the subject property. Both defendants took an active part in the negotiations leading to the sale of the property. The plaintiffs did not engage the services of an agent or a broker. While there was sufficient evidence to warrant a finding that the defendants were engaged in a trade or commerce, the request numbered 16 tests the sufficiency of the evidence to enable the judge to find that they were not. While the judge’s denial of the request is in error, it is clear from his findings and lengthy discussion that he correctly considered that the evidence did warrant a finding that the defendants were not engaged in a trade or commerce. His findings are amply supported by the evidence. We find no prejudicial error in the denial of request number 16.
See DiGeese v. Columbia Pontiac Co., Inc., 369 Mass. 99 (1975).
The report is dismissed.

 See 940 C.M.R. 3.16(2).