Merrick, J.
This is an action by plaintiffs Michael and Jennifer Flatte, former tenants of defendant James Cariño, to recover their security deposit, damages for the defendant’s violations of the State Sanitary Code, and multiple damages and attorney’s fees pursuant to both G.Lc. 186, §15B and G.Lc. 93A. The defendant counterclaimed for alleged damage to the property by the tenants.
The plaintiffs moved for partial summary judgment on the ground that the defendant withheld their security deposit without giving a sworn statement itemizing the damages to the premises. The defendant responded by affidavit that he had provided a list of damages and had sworn to it orally.
The affidavit also asserted that the defendant was and is a full-time college professor. The defendant and his wife have owned the two-family dwelling, one unit of which was rented to the plaintiffs, for twenty-four years and lived there until 1988 when they moved to a single family house. The defendant still uses a part of the building for storage and an office where he grades papers and does scholarly work. He owns no other rental property and is not otherwise engaged in the business of selling or renting real estate.
The motion judge entered partial summary judgment under G.Lc. 186, §15B for $1,125.00, the amount of the security deposit, and dismissed the defendant’s counterclaim for property damage. The judge also ruled that the 15B violation was a per se violation of Chapter 93A and awarded attorney’s fees, but deferred the question of multiple damages for a “willful” violation to a trial on the merits with the remainder of the plaintiffs’ claims. On the plaintiffs’ motion, the judge ordered a Mass. R. Civ. R, Rule 54(b) separate judgment for the security deposit and attorney’s fees. The defendant has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
1. Section 15B of G.Lc. 186 requires a landlord to return the security deposit to the tenant within thirty (30) days of the termination of the tenancy. Funds may be withheld for damage to the property only if
[i]n the case of such damage, the lessor shall provide to the tenant within such thirty days an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury, itemizing in precise detail the nature of the damage... [emphasis supplied].
*90 G.Lc. 186, §15B(4)(iii).
In the present case, the defendant landlord conducted a joint post-vacancy inspection with representatives of the plaintiffs, who had moved out of state. The defendant provided a written list of alleged property damage by the plaintiffs, and claims in his affidavit that he “orally’ swore to the list. It is not open to the judge on a motion for summary judgment to decide the credibility of even such a preposterous statement. See generally, McGuinness v. Cotter, 412 Mass. 617, 628 (1992); Sarvis v. Cooper, 40 Mass. App. Ct. 471, 478 (1996). However, there is no suggestion that a magistrate or other person qualified to take an oath was present at the inspection. Further, a declaration that a statement is made under the penalties of perjury must be in writing to be binding. G.L.c. 268, §1A See Galvin v. Town Clerk of Winchester, 369 Mass. 175, 177 (1975).
Section 15B(6)(b) of G.L.c. 186 provides that a lessor who fails to provide the requisite sworn statement forfeits not only the security deposit, but also any right to counterclaim for damage to the premises. The motion judge herein was thus correct in allowing partial summary judgment for the security deposit and in dismissing the defendant landlord’s counterclaim.
2. The judge’s award of attorneys fees was based on the theory that the defendant’s violation of Section 15B was, by virtue of the Attorney General’s Regulations, 940 C.M.R. 3.17(4), a violation of Chapter 93A. The latter statute has no application, however, unless the defendant landlord was engaged “in the conduct of a trade or commerce.” G.L.c. 93A, §2(a). See Billings v. Wilson, 397 Mass. 614, 616 (1986); Murphy v. Passalacqua, 1990 Mass. App. Div. 210.
“G.L.c. 93A creates a sharp distinction between a business person and an individual who participates in commercial transactions on a private, nonprofessional basis.” Lantner v. Carson, 374 Mass. 606, 610 (1978). In discussing a private home sale, the Court set out the following rationale for that distinction:
An individual homeowner who decides to sell his residence stands in no better bargaining position than the individual consumer. Both parties have rights and liabilities established under common law principles of contract, tort, and property law. Thus, arming the ‘consumer’ in this circumstance does not serve to equalize the positions of buyer and seller. Rather, it serves to give superior rights to only one of the parties, even though as nonprofessionals both stand on equal footing.
Id. at 612.
The fact that the activity pursued by the party to be charged is not his principal business or profession does not conclusively create an exemption from the reach of G.L.c. 93A, but it is a factor to be weighed. Billings v. Wilson, supra at 616; Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980). The court must consider “whether the transaction is motivated by business or personal reasons.” Id. at 191. Unless what is clearly involved is one’s principal business or profession on the one hand or a purely private transaction on the other, the question of that motivation is ordinarily one of fact for trial. Squeri v. McCarrick, 32 Mass. App. Ct. 203, 207 (1992); Brown v. Gerstein, 17 Mass. App. Ct. 558, 570-571 (1984); Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 314 (1981).
The characterization of any given transaction as one undertaken in a ‘business context’ which subjects the principals to the penalties of G.Lc. 93A §9 can be made solely on a case by case basis. In the absence of a ‘bright line’ test, this issue and the consequent applicability of c. 93A will ordinarily remain questions of fact for the trial court not readily resolve in a summary manner pursuant to ... Rule 56.
*91 Yegian v. Isadore, 1985 Mass. App. Div. 156, 158. The court’s entry of summary judgment on this issue is vacated.
3. The judge not only granted partial summary judgment for the security deposit and a portion of the c. 93A claim, but also ordered separate and final judgment under Mass. R. Civ. R, Rule 54(b). Since we vacate a portion of that judgment, we also vacate the court’s Rule 54(b) order. In the event a separate judgment is sought on the security deposit claim only, we note that such a judgment would “neither let a party out of the litigation... nor significantly affect the issues remaining for trial. [Citation omitted]. We discern no economy achieved or hardship avoided by [a Rule 54(b)] certification.” High-Tech Sales, Inc. v. Olektron Corp., 31 Mass. App. Ct. 912, 913 (1991).
Accordingly, the trial court’s judgment is vacated. The court’s allowance of partial summary judgment as to the plaintiffs’ G.L.C. 186, §15B security deposit claim and its dismissal of the defendant’s counterclaim are affirmed. This case is returned to the Cambridge Division for a trial on the merits of the G.L.c. 93A count and all other pending claims.
So ordered.