Agnes, Peter W., J.
1. Introduction. This is a civil action in which the plaintiff, Mark Paoluccio (“Paoluccio”) seeks damages from the defendant, Richard L. Morin, Sr., d/b/a Morin Real Estate (“Morin”), for misrepresentation and violations of G.L.c. 93A arising from the sale of real property in Winchendon, Massachusetts. The defendant has filed a motion for partial summary judgment pursuant to Mass.R.Civ.P 56 as to the G.L.c. 93A violations arguing that the plaintiffs failure to send the defendant a demand letter pursuant to G.L.c. 93A, §9(3) is fatal to the claim.
2.Standard of review. “Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso, 390 Mass. at 422 (1983); Mass.R.Civ.P. 56(c). Summary judgment may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980).
3. The factual background. Based on the affidavits and other materials submitted in support and in opposition to the defendant’s motion for summary judgment, and viewing the evidence in a light most favorable to the plaintiff, the material facts are not in dispute. On December 13, 2005, the plaintiff offered to purchase a two-family home in Winchendon, Massachusetts. The offer was accepted. On December 23, 2005, the plaintiff entered into a Standard Form Purchase and Sales Agreement which notes the house was sold in “as is condition.” The plaintiff had the property inspected by a licensed home inspector on December 14, 2005. Believing he could reside in the first floor while leasing the second floor, he purchased the house on January 12, 2006. The defendant was the designated Seller’s Agent for the property. On October 27, 2009, the plaintiff commenced the instant action alleging misrepresentation and violations of G.L.c. 93A against the defendant. No demand letter pursuant to G.L.c. 93A, §9(3) was sent to the defendant prior to commencement of this action.
4. Discussion: Compliance with G.L.c. 93A, §9(3). G.L.c. 93A, §2 prohibits “(u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.” Plaintiffs who are engaged in “trade or commerce” must bring such claims pursuant to G.L.c. 93A, §11, while all others must bring such claims pursuant to G.L.c. 93A, §9. See Slaney v. Westwood Auto, Inc., 366 Mass. 688, 701 (1975) (“ [t]he Section 9 private remedy is available only to a consumer, that is, a ‘person who purchases or leases goods or services or property, real or personal, primarily for personal, family or household purposes’ ”).
5. Under §9, “[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injuiy suffered, shall be mailed or delivered to any prospective respondent.” The demand letter is a jurisdictional requirement under §9. Slaney, 366 Mass, at 704. A plaintiff bringing a claim under §9 must allege the sending of a demand letter as a prerequisite to suit. Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987) (“The failure of the City to allege the sending of a demand letter is fatal to its Section 9 claim”); Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass.App.Ct. 396, 432 n.42 (1982); Entrialgo v. Twin *536 City Dodge, Inc., 368 Mass. 812, 813 (1975) (“A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved”). Under §11, a demand letter may not be required. See, Frullo v. Landenberger, 61 Mass.App.Ct. 814, 816 n.4 (2004).
6. As a purchaser of real property for personal, household reasons,[1] the plaintiff must pursue any c. 93A claim pursuant to §9. Both plaintiff and defendant stipulate that no demand letter was sent prior to suit. Therefore, there is no genuine issue of material fact in connection with the requirement of a demand letter, and thus the plaintiff has failed to satisfy this jurisdictional prerequisite to suit.
ORDER
For the above reasons, the defendant’s motion for Summary Judgment is ALLOWED.[2]

In “Plaintiffs Memorandum in Opposition to Motion for Summary Judgment,” the plaintiff argues that the two-family home in question is income-producing property, therefore placing the plaintiff within § 11. In an affidavit filed with that memorandum, the plaintiff claims, “I purchased the property with the intent that I make money from renting the second (upstairs) unit.” However, the law is clear that an owner and occupier of a two-family home, who acts as landlord to the second occupant and owns no other rental real property, is not engaged in “trade or commerce” for the purposes of G.L.c. 93A. See Billings v. Wilson, 397 Mass. 614, 615-16 (1986). Accord, Sayah v. Hatzipetro, 397 Mass. 1004 (1986). See also Young v. Patukonis, 24 Mass.App.Ct. 907 (1987). The plaintiff also claims in his affidavit, “I hoped to start a business in the lower unit.” This assertion is purely speculative and will also not bring the instant action within §11.

In “Plaintiffs Memorandum in Opposition to Motion for Summary Judgment,” the plaintiff also requests leave to re-file his Second Amended Complaint in compliance with the 30-day demand letter requirement. The Court need not consider this request at this time.