ATLAS TACK CORPORATION vs. RALPH DONABED & others.[1]

No. 97-P-1878.

Suffolk. February 23, 1999. - July 2, 1999.

Present: ARMSTRONG, BROWN, & SPINA, JJ.

*Interrogatories. Practice, Civil,* Discovery, Interrogatories, Judicial discretion, Summary judgment. *Witness,* Expert. *Negligence,* Expert opinion, Attorney at law, Proximate cause, Engineer, Standard of care. *Proximate Cause. Attorney at Law,* Negligence, Malpractice.

In a legal malpractice action, the judge appropriately ordered stricken the plaintiff's answer to an expert witness interrogatory based on the plaintiff's .evasive and incomplete answer in violation of Mass.R.Civ.P. 37(a)(3) and the judge's direct order, and properly allowed the defendant's motion to strike the expert's testimony at trial, and the plaintiff was not precluded thereby from establishing the elements of its claim, including causation, where it could have supplemented its answers to interrogatories at any time prior to trial, pursuant to Mass.R.Civ.P. 26(e)(3). [222-225]

In a legal malpractice action involving an allegation of negligence in settling a claim for negligence in a complex environmental pollution matter, the plaintiff's failure to present expert testimony of an engineer to establish its likely recovery in the underlying matter resulted in a failure of proof of the element of causation and of damages: summary judgment was properly ordered for the defendants. [225-228]

CIVIL ACTION commenced in the Superior Court Department on May 10, 1991.

A motion to strike answers to interrogatories was heard by *Charles F. Barrett,* J., and the case was heard by *Nonnie S. Burnes,* J., on a motion for summary judgment.

*Martin L. Legg* for the plaintiff.

*Erik Lund* for Salvatore F. DiMasi.

*John T. Lamond* for Stephen P. Karll.

[1]Law Offices of DiMasi, Donabed & Karll; Salvatore F. DiMasi; and Stephen P. Karll. Ralph Donabed settled with the plaintiff, and has been dismissed from the case.

SPINA, J. The plaintiff sought to hold the defendants, Salvatore DiMasi and Stephen Karll, vicariously liable for the alleged malpractice of another attorney, Ralph Donabed, in negotiating a settlement agreement on its behalf. This case was previously before us on an issue unrelated to this appeal, and we remanded for further proceedings. *Atlas Tack Corp.* v. *DiMasi*, 37 Mass. App. Ct. 66 (1994). After remand, a Superior Court judge ordered summary judgment for the defendants on the basis of the plaintiff's failure to establish causation. The plaintiff appeals from the adverse order for summary judgment, and the allowance of a motion to strike a portion of its answer to the defendants' expert witness interrogatory, a sanction for the plaintiff's noncompliance with a discovery order. We affirm.

In July, 1984, the plaintiff entered into an agreement with the Massachusetts Department of Environmental Quality Engineering (DEQE) to do environmental cleanup work inside its plant in Fairhaven as well as at a lagoon located near the plant. In June, 1985, the plaintiff hired the engineering firm of Goldberg-Zoino & Associates, Inc. (GZA), to implement and supervise the cleanup. GZA's subcontractors exceeded their budgeted costs for the cleanup, and demanded payment of the extra costs. When the plaintiff refused to pay the added costs, GZA and the subcontractors commenced an action for payment. The plaintiff retained Donabed in 1986 to defend that lawsuit, and to assert a counterclaim alleging that GZA negligently underestimated the costs of the cleanup for the Fairhaven site. In 1989, Donabed negotiated a settlement with GZA and the subcontractors, the terms of which required the parties to file mutual releases and make certain payments.

Dissatisfied, the plaintiff brought the present action in Superior Court alleging Donabed's negligence in handling the settlement of its claims. The plaintiff alleges that it gave Donabed authority to settle only claims relating to the interior cleanup of the plant, and had not authorized Donabed to negotiate any claims relating to the exterior cleanup of the lagoon. The plaintiff further alleges that Donabed's negligence caused it to lose "the opportunity to obtain damages from GZA on claims . . . [it] never authorized Donabed to release."

*Motion to strike.* On October 14, 1994, the defendants served

an expert witness interrogatory[2] conformably with Mass.R. Civ.P. 26(b)(4)(A)(i), 365 Mass. 772 (1974), upon the plaintiff. As of November, 1995, the plaintiff had failed to respond, and the deadline for all discovery matters was designated as December 31, 1995. Failing in their efforts, as required by Superior Court Rule 9C (1989), to resolve the matter, the defendants moved to compel the plaintiff to answer the interrogatory. A Superior Court judge ordered the plaintiff to "produce full [and] complete answers to expert interrogatories not later than Dec. 8, 1995." The parties agreed to extend the time for compliance until December 29, 1995. The plaintiff purported to answer the expert interrogatory on December 29, 1995, identifying an attorney and an engineer as its experts. On January 26, 1996, the defendants moved, pursuant to Mass.R. Civ.P. 37(b)(2)(B) & (C), 365 Mass. 797 (1974), to strike the plaintiff's expert witnesses' testimony at trial, on the ground that the plaintiff's answer to the expert interrogatory was so inadequate as to prevent them from adequately preparing a defense. After hearing, the same motion judge allowed the motion to strike as to the engineering expert, but denied the motion as to the legal expert. The stricken portion of the answer identified the engineering expert and further provided that:

> "[the witness] is expected to testify concerning the consequences of the negligence of [GZA], including the price differential of the cost of removal of the waste as special waste versus the cost of removal of the waste as hazardous waste, approximately $500,000.00 and related matters. [The witness] is also expected to testify as to the negligence of GZA, the applicable standards for engineering work, including engineering work in regard to the

[2]The interrogatory states as follows: "Identify each person whom you have retained or whom you expect to call as an expert witness at trial, and provide the following information as to each identified expert:

"a. The name, current address and telephone number of each expert;

"b. His or her field of expertise and the subject matter on which the expert is expected to testify;

"c. The substance of the facts and opinions to which the expert is expected to testify; and

"d. A summary of the grounds for each such opinion."

implementation of a consent decree and work orders flowing from a consent decree, and the supervision thereof, and the shortcomings of GZA with respect to the same."

The plaintiff claims that the motion judge abused his discretion by striking the summary of its engineering expert's testimony.

A judge has wide latitude to "make such orders in regard to the failure [to comply with a discovery order] as are just." Mass.R.Civ.P. 37(b)(2). See Smith & Zobel, Rules Practice §§ 37.8, 37.11 (1975 & Supp. 1999). Wilful noncompliance was eliminated in 1984 as a prerequisite to the imposition of sanctions " 'to increase compliance with discovery orders, by making it easier for parties to achieve, and judges to award, sanctions for the failure to comply with a discovery order.' Reporters' Notes to Mass.R.Civ.P. 37, Mass. Ann. Laws, Rules of Civil Procedure at 18 (Supp. 1988)." *Gos* v. *Brownstein*, 403 Mass. 252, 256 (1988). Findings of fact and conclusions of law are unnecessary for our review of the allowance of a motion pursuant to Mass.R.Civ.P. 37(b). *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426, 431 (1986).

The plaintiff argues that, by allowing the motion to strike, the judge eliminated its ability to present essential proof necessary to prevail on its claims, and, thus, imposed the harsh result of dismissal. We disagree. While we recognize that the plaintiff's lack of expert testimony resulted in a dismissal of its claims, this result was not compelled by the judge's sanction. The plaintiff had recourse after the judge allowed the motion to strike. At a minimum, the plaintiff could have filed a motion to supplement its answers with the necessary information "at any time" prior to trial. Mass.R.Civ.P. 26(e)(3), 365 Mass. 772 (1974). The plaintiff on appeal cannot complain of the harshness of a result which it could have avoided.

The claims against the defendants involved complex engineering standards and factual allegations of negligent conduct over the course of several years. In this context, the plaintiff's answer to the interrogatory, provided unreasonably, hence unacceptably, incomplete and vague information from which the defendants hardly could be expected to prepare a defense. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Strom* v. *American Honda Motor Co.*, 423 Mass. 330, 336 (1996), quoting from *Hickman* v. *Taylor*, 329 U.S. 495, 507 (1947). The judge properly treated

the plaintiff's answer, which was demonstrably evasive and incomplete, as a failure to answer under Mass.R.Civ.P. 37(a)(3), 365 Mass. 797 (1974). The plaintiff's failure to furnish "full and complete answers to interrogatories" was also a direct violation of the judge's order. Further, the plaintiff had not even responded to its initial duty to provide answers to defendants' expert witness interrogatory within forty-five days of service. Mass. R.Civ.P. 33(a), as amended, 368 Mass. 906 (1976). The judge acted well within his discretion in striking the deficient answer. See *Partlow* v. *Hertz Corp.*, 370 Mass. 787, 790 (1976); *Kearns* v. *Ellis*, 18 Mass. App. Ct. 923, 924 (1984); *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. at 430; *Mohamed Bin Bandar Mohamed Bin Abdul Rahman Al Saud* v. *Fast Forward, Inc.*, 41 Mass. App. Ct. 643, 648 (1996). His decision did not rest on "whimsy, caprice, or arbitrary or idiosyncratic notions." *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 642 (1986). The sanction was appropriate in the circumstances.

*Summary judgment.* Over seven months after the motion judge allowed the defendants' motion to strike the testimony of the plaintiff's engineering expert, the defendants moved for summary judgment, arguing that the plaintiff failed to meet its burden of proving that Donabed's negligence caused an actual loss. The plaintiff did not respond with expert witness testimony or other evidence to support the element of causation, but, instead, rested on the pleadings. A second judge denied the defendants' motion initially, then granted summary judgment in their favor on reconsideration.[3] The judge concluded that the plaintiff was unlikely to demonstrate, without the aid of expert testimony, how it could have obtained a better result absent Donabed's negligence. The plaintiff claims that the presentation of an engineer's expert testimony was unnecessary to prove the causation element because the expert testimony of an attorney was sufficient to demonstrate the element of causation. We disagree.

---

[3]The plaintiff also claims that the allowance of the defendants' motion to reconsider constituted an abuse of discretion. The judge initially denied the motion for summary judgment based upon a misallocation of the burden of proof. She had discretion to reconsider her prior ruling and correct herself within a reasonable time. See *Bradford* v. *Knights*, 427 Mass. 748, 752 (1998), quoting from *Fine* v. *Commonwealth*, 312 Mass. 252, 255 (1942); *Franchi* v. *Stella*, 42 Mass. App. Ct. 251, 258 (1997). Where the plaintiff has not demonstrated anything in the record that directs a contrary result, reconsidering the motion for summary judgment was not error.

Summary judgment is appropriate when the moving party demonstrates, by reference to materials listed in Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), that the nonmoving party, who will have the burden of proof at trial, lacks sufficient evidence to establish an essential element of his or her claim. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). When asserting a claim for legal malpractice, a plaintiff bears the burden of proving that its attorney committed a breach of the duty to use reasonable care, that the plaintiff suffered actual loss, and that the attorney's negligence proximately caused such loss. *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, 25 Mass. App. Ct. 107, 111 (1987). Proximate cause is an essential element of that proof. See *Jernigan* v. *Giard*, 398 Mass. 721, 723 (1986); *Meyer* v. *Wagner*, 429 Mass. 410, 424 (1999); *Girardi* v. *Gabriel*, 38 Mass. App. Ct. 553, 560 (1995). In some circumstances, expert testimony is necessary to prove the element of causation in a legal malpractice claim. *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, *supra* at 115. *Dipiero* v. *Goodman*, 14 Mass. App. Ct. 929, 929-930 (1982), cert. denied, 460 U.S. 1029 (1983).

The plaintiff claims that Donabed committed a breach of his duty to use reasonable care in negotiating a settlement with GZA by releasing claims he was unauthorized to settle, and, as a result, it lost the ability to recover from GZA for GZA's negligent exterior cleanup of the lagoon. Whether Donabed was negligent, and whether such negligence resulted in any loss to the plaintiff, must be determined by conducting a "trial within a trial." *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986). Stated otherwise, the plaintiff was required to prove that GZA was negligent. See *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, *supra* at 111. Where the plaintiff's claim against GZA alleged GZA's failure to conform to the standard of care of a reasonable engineer, the plaintiff had to demonstrate the applicable professional engineering standard in *this* case. Considering the complexity of the analysis, the allegations concerning GZA did not involve conduct that was "so gross or obvious that laymen [could have relied upon] their common knowledge to recognize or infer [GZA's] negligence." *Pongonis* v. *Saab*, 396 Mass. 1005 (1985). Accordingly, the plaintiff

would have had to present the expert testimony of an engineer to establish its likely recovery against GZA.[4]

We reject the plaintiff's argument that the expert testimony of an attorney was sufficient to establish the element of causation and proof of damages. Although an attorney's testimony may be sufficient to prove lost value caused by another attorney's negligence in settling a tort claim arising out of a motor vehicle accident, such cases generally do not require expert testimony on the issue of causation because the subject is usually within the ken of the ordinary juror. See *Fishman* v. *Brooks, supra* at 647. Compare *Hallett* v. *Wrentham*, 398 Mass. 550, 559 (1986). In contrast, the plaintiff's claim required proof of GZA's negligence in supervising and implementing comprehensive environmental cleanup activities, a subject beyond the knowledge and experience of the average jury, and the qualifications of an attorney offering to educate such a jury.

Absent expert engineering testimony, the plaintiff could not demonstrate it had any additional claims against GZA. It could not establish the applicable standards of the engineering profession and, therefore, it could not show that Donabed caused it any actual loss. See *Poly* v. *Moylan*, 423 Mass. 141,

---

[4]We emphasize our conclusion that an engineering expert was necessary to prove the plaintiff's engineering malpractice claim in light of the fact that the issue has not been addressed in any previous Massachusetts appellate decision. We consider this determination consistent with the requirement of expert witness testimony in cases involving other professional fields. See *Murphy* v. *Conway*, 360 Mass. 746, 749-750 (1972) (expert testimony of physicians necessary to establish standard of care); *Glidden* v. *Terranova*, 12 Mass. App. Ct. 597, 598 (1981) (expert testimony of attorneys generally required); *Ward* v. *Levy*, 27 Mass. App. Ct. 1101, 1102 (1989) (expert opinion required to show appropriate dental practice). Engineering, as with other complex professions, involves complicated questions of technology, and similarly requires the presentation of expert testimony. See *Held* v. *Bail*, 28 Mass. App. Ct. 919 (1989). Our conclusion is also in accord with the majority of jurisdictions that have considered the issue at hand. See *Reliance Ins. Co.* v. *Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997); *National Hous. Indus., Inc.* v. *E.L. Jones Dev. Co.*, 118 Ariz. 374, 377 (Ct. App. 1978); *Matyas* v. *Minck*, 37 Conn. App. 321, 327 (1995); *Overland Constructors, Inc.* v. *Millard Sch. Dist.*, 220 Neb. 220, 230 (1985) (negligence of architect); *Thomas M. Durkin & Sons, Inc.* v. *Nether Providence Township Sch. Authy.*, 314 Pa. Super. 131, 142-143 (1983), rev'd on other grounds, 505 Pa. 42 (1984); *York* v. *Turner-Murphy Co.*, 317 S.C. 194, 197 (1994); *Nauman* v. *Harold K. Beecher & Assocs.*, 24 Utah 2d 172, 179 (1970).

148 (1996), cert. denied, 519 U.S. 1114 (1997). In the circumstances, the plaintiff had no reasonable expectation of proving its case.

*Judgment affirmed.*