Kern, J.
Plaintiff Adella Starczewski (“Ms. Starczewski”) brought this action for legal malpractice against defendant Philip Mulvey (“Mulvey”). Mulvey has moved for summary judgment on the ground that Ms. Starczewski will not be able to prove a necessary element of her claim. For the reasons set forth below, defendant’s motion is ALLOWED.
BACKGROUND
The following are the relevant undisputed facts: Mr. Joseph Starczewski (“Mr. Starczewski”) was admitted to Harrington Memorial Hospital in Southbridge on June 5, 1989 with an admitting diagnosis of probable acute alcoholic hepatitis compounding chronic cirrhosis. On or about June 9, 1989 Dr. Mazantes performed a CT scan of Mr. Starczewski’s abdomen utilizing a contrast material. Mr. Starczewski was transferred to Worcester Memorial Hospital (“WMH”) on or about June 16, 1989. At WMH, Mr. Starczewski was diagnosed with acute renal failure with increasing blood urea nitrogen and creatine levels. Mr. Starczewski was placed on dialysis and his condition continued to worsen. Mr. Starczewski died on June 24, 1989.
In September of 1992, Ms. Starczewski retained Mulvey, an attorney, to represent the estate of her son, Mr. Starczewski, relative to a medical malpractice action against Dr. Clay, Dr. Mazantis, and Harrington Hospital for her son’s death. On or about September 29, 1993, a medical malpractice tribunal determined that there was sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry. Mulvey retained Phyllis Troia M.D. (“Dr. Troia”) to review Mr. Starczewski’s medical records. Based on her review of his medical records, Dr. Troia determined that Mr. Starczewski’s death was largely contributed to by alcohol related liver disease and that a medical malpractice action was without merit. Dr. Troia informed Mulvey of her conclusions. Mulvey then informed Ms. Starczewski of Dr. Troia’s conclusions and *392 warned her that if the case went to trial counsel for the defendants could seek reimbursement for costs and expenses. Mulvey suggested that the medical malpractice action be dismissed. On April 29, 1996, the case was dismissed with prejudice for plaintiffs failure to produce an expert witness at trial.
DISCUSSION
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997). A moving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving parly’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In an action for legal malpractice, the plaintiff must prove that her attorney committed a breach of the duty to use reasonable care, that the plaintiff suffered actual loss, and that the attorney’s negligence proximately caused such loss. Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 226 (1999). Proximate cause is an essential element of such a claim. Meyer v. Wagner, 429 Mass. 410, 424 (1999). In some cases expert testimony is necessaiy to prove the element of proximate cause. The mere possibility that a defendant’s negligence caused the harm is not sufficient to take the case to a jury. Girardi v. Gabriel, 38 Mass.App.Ct. 553, 560 (1995).
The case at bar is analogous to AtlasTack Corp. v. Donabed, 47 Mass.App.Ct. at 226. In Atlas, plaintiff brought a legal malpractice action against the attorney who had represented it in negotiation and settlement of an underlying environmental cleanup claim. Id. at 222. Plaintiff alleged that the attorney had negligently released certain claims thus making recovery against the underlying tortfeasor (“GZA”) impossible. Id. Plaintiffs claim against GZA was for negligent cleanup of a lagoon and required plaintiff to prove that GZA did not conform to the standard of care of a reasonable engineer. Id. at 226. The court noted that, since the allegations were not of gross or obvious negligence, in order for plaintiff to prove the attorney’s negligence it would have had to present the expert testimony of an engineer to establish the likelihood of recovery against GZA. Id. at 226-27. Since plaintiff failed to present any expert testimony regarding the probability of recovery against GZA in the underlying action, plaintiff could not show that its attorney had caused it actual loss. Id. at 227. Consequently, the Appeals Court upheld the trial judge’s granting of summary judgment to the defendant attorney. Id. at 228.
As in Atlas, in the present case plaintiff must present evidence of her likelihood of success on the underlying medical malpractice claim. Since Ms. Starczewski does not allege gross or obvious negligence by the doctors or hospital, she must offer expert evidence to prove negligence. Plaintiff has failed to meet this burden. In fact, plaintiff has failed to present any evidence through affidavits, depositions, or any other acceptable form to counter the evidence presented by the defendant attorney Mulvey. As a result, the court finds for the defendant.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED.