Lauriat, J.
The plaintiff, Lois Ayash, M.D. (“Ayash”), has moved, pursuant to Mass.R.Civ.P. 37(b), for the impositions of sanctions against the Boston Globe newspaper and its reporter, Richard Knox (“Knox”) (collectively, “the Globe defendants”), for their failure to comply with this Court’s discovery orders dated October 21, 1999 and June 13, 2000. Those orders required the Globe defendants to provide discovery regarding the purported “confidential sources” relied upon by Knox in a series of articles which appeared in the Boston Globe in March of 1995. The articles, authored by Knox, concerned the death of Boston Globe reporter Betsy Lehman from an accidental chemotherapy overdose that she received while a patient at the defendant Dana Farber Cancer Institute.*
In its October 21, 1999 Order, this court conducted the balancing test mandated by the Appeals Court in Ayash v. Dana Farber Cancer Institute, 46 Mass.App.Ct. 384, 393 (1999) [see Petition for Promulgation of Rules, 395 Mass. 164, 172 (1985), citing Commonwealth v. Corsetti, 387 Mass. 1, 5-6 (1982)), determined that Ayash’s need for the information “is tangible and substantial and outweighs ‘the public interests in protecting the free flow of information,’ ” and allowed the Plaintiffs Renewed Motion to Compel Confidential Source Information. The court also denied the Defendants Globe Newspaper Company and Richard Knox’s Renewed Motion for Protective Order. In its June 13, 2000 Order, this court allowed the Plaintiffs Motion to Compel Richard A. Knox to Answer One Interrogatory.
Notwithstanding the court’s orders, Knox has continued to refuse to reveal his purported “confidential sources” or any information which might lead to the identification of those sources. The Globe defendants have also steadfastly refused to provide any discovery regarding the purported “confidential sources” under any circumstances.[1] The Court finds that the Globe defendants’ ongoing refusal to comply with its October 21, 1999 and June 13, 2000 discovery orders constitutes a contempt, as well as a violation of the court’s orders, and the Globe defendants are, therefore, subject to the sanctions authorized by Mass.R.Civ.P. 37(b)(2). The Globe defendants’ motion for reconsideration is denied.
In fashioning appropriate sanctions to address the Globe defendants’ conduct, the court has wide latitude to “make such orders in regard to the failure [to comply with a discovery order] as are just.” Mass.R.Civ.P. 37(b)(2). See Smith & Zobel, Rules Practice, §§37.8 and 37.22 (1975 and Supp. 2000); Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 225 (1999). The court has the power to enter judgment in favor of the party aggrieved by the failure to comply with discovery orders. See Mass.R.Civ.P. 37(b)(2)(C) (court may grant “judgment by default against the disobedient party”); see also Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 406 (1987) (affirming entry of judgment where there was a “clear violation of court orders” and the non-complying party "had more than one opportunity to comply and did not”). The court also has the power, “in lieu of any of the [Rule 37(b)(2){A)-(D)] orders or in addition thereto” to treat “as a contempt of court the failure to obey any order,” and to impose a prospective daily fine in order to coerce a contemptuous defendant into complying with the court’s order. See Labor Relations Comm’n v. Fall River Educator’s Assn., 382 Mass. 465, 476 (1981).
In the present case, the court has already determined that the Globe defendants’ refusal to comply with its discovery orders constitutes a contempt of the court. Unfortunately, that determination, and the resultant financial sanctions imposed by the court, have not succeeded in securing the Globe defendants’ compliance with the court’s discovery orders. Thus, the court must and does now impose an alternate sanction authorized by Rule 37(b)(2) — the entry of a default judgment against the Globe defendants on the plaintiffs claims pending against them. Mass.R.Civ.P. 37(b)(2)(C).
While entry of a judgment of default against the Globe defendants is an appropriate sanction to impose in the circumstances of this case, such an order does little to rectify the injustice inflicted upon the plaintiffs right to discovery in her case against the defendants Dana Farber Cancer Institute and David M. Livingston. The interests of justice will not be adequately served by the mere imposition of a default judgment against the Globe defendants, but the court, perhaps naively, clings to the hope that the Globe defendants will eventually recognize their continuing legal obligation to permit discovery in this matter and will ultimately comply with Ayash’s narrow discovery requests.
*2 The Globe defendants’ refusal to disclose the identity of Knox’s “confidential sources” may also effectively protect the Dana Farber Cancer Institute and David M. Livingston from liability in this action. In a case already beset by multiple tragedies, the Globe defendants’ refusal to disclose their sources constitutes another ongoing, but imminently avoidable, harm to the participants in this case, as well as to the public’s right to the free flow of information. The Boston Globe, long a champion of the freedom of information and of unfettered access to public (and even not-so-public) records, has unilaterally and unnecessarily interrupted the free flow of information that may be critical to Ayash. It is ironic that the Globe defendants’ conduct may serve to effectuate the interests of the very hospital, as well as the hospital’s former chief executive, where the Boston Globe’s own reporter was treated and died. It is not a legacy of which the Globe defendants should be proud.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Sanctions, Including Contempt, Pursuant to Rule 37 Against The Boston Globe and Richard Knox is ALLOWED, and the Motion of Defendants Globe Newspaper Company and Richard A. Knox for Reconsideration of Order on (1) The Plaintiffs Renewed Motion To Compel Confidential Source Information, and (2) Defendants Globe Newspaper Company and Richard A. Knox’s Renewed Motion for a Protective Order is DENIED.
A Judgment of liability shall enter in favor of the plaintiff Lois Ayash, M.D., on Counts VII, IX and X of her Amended Complaint and Jury Claim in this action, the matter shall be set down for a hearing on assessment of damages against the defendants Globe Newspaper Company and Richard A. Knox.
It is further ORDERED, pursuant to Mass.R.Civ.P. 37(b)(2), that the defendants Globe Newspaper Company and Richard A. Knox shall pay all reasonable attorneys fees and expenses incurred by the plaintiff, Lois Ayash, M.D., that were caused by the failure of the Globe Newspaper Company and Richard A. Knox to comply with the court’s orders of October 21, 1999 and June 13, 2000. The plaintiff shall serve a detailed affidavit of costs and expenses, pursuant to Superior Court Rule 9A, within 45 days of the date of this Order.

 Editor’s Note: For other opinions in this matter see 7 Mass. L. Rptr. 176; 8 Mass. L. Rptr. 73; and 8 Mass. L. Rptr. 216.

 For example, although Ayash has agreed to accept a limited protective order and this Court has indicated its willingness to grant such an order, the Globe defendants have refused to consider this proposal.