Brady, J.
In their amended complaint the plaintiffs allege various counts of breach of contract, misrepresentation, negligence and violations of G.L.c. 93A against the defendants resulting from the sale of their property. This matter is before the court on the motions of defendants Hunneman and Company/Cold-well Banker, Sheila Howard and James D. Melchionna for summary judgment. After a hearing on March 11, 2002, and for the reasons stated below, the motions are ALLOWED.
BACKGROUND
This case arises out of Francis and Barbara Redfern’s (“plaintiffs”) salq of real estate located at 184 MÜ1 Street in Burlington to Mark Bergeron (“seller”). On or about July 11, 1996, the plaintiffs posted the property for sale with defendant Hunneman Real Estate Corporation (“Hunnenman”) through agent defendant Sheila Howard (“Howard”). The exclusive listing agreement called for Hunneman to use diligent efforts to find a buyer for the property in exchange for a 4% commission of the sale price of the property. Howard signed a mandatory agency disclosure form which provided that she owed the sellers “undivided loyalty, utmost care disclosure, obedience to lawful instructions, confidentiality and accountability.”
On or about October 13, 1996, Howard communicated an offer from the buyer to the plaintiffs for $260,00.00. The plaintiffs rejected this offer and on November 11, 1996 the buyer made a second offer to purchase the property. This offer was for $293,000.00 composed of $150,000.00 cash at closing plus amortgage of $130,000.00 payable as two $65,000 payments due at six and twelve months. Howard brought this offer to the plaintiffs, advised them to seek advice from a lawyer and gave them several names. Sometime prior to their acceptance of the offer, the plaintiffs met with the defendant, attorney James Melchionna (“Melchionna”), and on November 14, 1996, they accepted the offer.
Howard generated and circulated to Melchionna and Kevin Dolan, the buyer’s attorney, a draft purchase and sale agreement. The agreement was redrafted by Dolan to include a financing addendum which provided that “the seller agrees to subordinate each of its second mortgages to a construction and land loans on each lot.” On November 26, 1996, the plaintiffs executed a purchase and sale agreement which included the financing addendum. The closing occurred on December 23, 1996.
Approximately nine months after the closing, the buyer defaulted on the payments. A foreclosure sale produced only $450,000.00 which went to satisfy the first mortgage leaving the plaintiffs unable to collect the outstanding balance on their mortgages. On September 21, 1999, the plaintiffs sent the defendant demand letters pursuant to G.L.c. 93A. The plaintiffs then filed the current action. On August 6, an order for summary judgment in favor of Kevin Dolan and Cushing & Dolan, P.C. was entered by this court (Hinkle, J). The remaining defendants have now moved for summary judgment.
DISCUSSION
I. Defendants Hunneman and Howard’s Motion for Summary Judgment
Hunneman and Howard have moved for summary judgment alleging that there are no genuine issues of material fact regarding their liability and they are entitled to judgment as a matter of law. While the complaint seeks specific relief for misrepresentation, breach of contract and negligence, the crux of the claim is that Howard, acting as a Hunneman agent, was under some kind of duty to warn the plaintiffs of the potential ramifications of being a second mortgage holder. The plaintiffs argue that both the misrepresentation claims and the breach of contact claims against the defendants are based on a heightened obligation resulting from the broker’s status as a fiduciary of the plaintiffs. While there is ordinarily no liability for silence, the plaintiffs allege that the fiduciary relationship between the parties required disclosure of all material facts know to Howard. In response the defendants argue that they are entitled to summary judgment because as a matter of law, they fulfilled their obligations to the plaintiffs as their broker.
The issue before the court is whether the defendants were under a duty to warn the plaintiffs of the security risks associated with holding a second mortgage position. The plaintiffs allege that even though Howard directed them to an attorney, she still had an obligation to acquaint the plaintiffs with the financial risks of the agreement based on the language of the listing agreement and Howard’s general duties as their fiduciary. I disagree. Neither the listing agreement nor Howard’s fiduciary obligations required her to give the plaintiffs this type of advice.
As a real estate broker Howard had a duty to disclose all facts within her knowledge which were or may have been material to the matter in which she was employed. Flynn v. Wallace, 359 Mass. 711, 718 (1971). The plaintiffs have not alleged that she did not disclose material facts but instead claim that she should have warned them of the legal risks associated *526 with the sale. This is outside the common law duty of a broker. Referring the plaintiffs to a lawyer satisfied whatever duty she arguably might have had in this regard. So far as the record reflects, the plaintiffs never asked Howard to explain the risks of a second mortgage position.
II. Defendant Melchionna’s Motion for Summary Judgment
Defendant Melchionna has moved for summary judgment on the plaintiffs’ claims of malpractice/breach of fiduciary duty, misrepresentation and violation of G.L.c. 93A. In support of his motion, Melchionna claims that the plaintiffs are unable to prove that any alleged negligence was the proximate cause of their alleged damages, a necessary element for success on a malpractice claim. Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 226 (1999). While causation is a question of fact usually reserved for a jury, summary judgment is appropriate if the plaintiffs will be unable to prove causation at trial. Giraedi v. Gabriel, 38 Mass.App.Ct. 553, 558-59 (1995).
The plaintiffs allege that Melchionna did not explain to them the risks of and the lack of security in the second mortgage holder position.[3] While they might have success at trial in proving that the defendant breached his duty to the plaintiffs, they will be unable to prove that such a breach was the proximate cause of any alleged injuries. Francis Redfern admitted at deposition that had Melchionna explained to the plaintiffs the security consequences of their mortgage position, they still would have entered into the agreement. He stated that the issue of whether the payments were secured was not important to the plaintiffs in determining whether or not to enter into the transaction. Therefore, the plaintiffs will be unable at trial to prove that Melchionna’s actions were the proximate cause of any alleged damages.
The lack of causation also defeats the plaintiffs’ claim for misrepresentation and c. 93A. The plaintiffs cannot succeed on these claims because they will be unable to prove that they reasonably relied on what the defendant told them because of their own admissions that they would have entered into the agreement regardless of knowing the risks. Golber v. Baybank Valley Trust Co., 46 Mass.App.Ct. 256, 257 (1999); International Fidelity Ins. Co. v. Wilson, 387 Mass. 851, 850.

ORDER

For the foregoing reasons, it is ORDERED that defendant’s motions for summary judgment are ALLOWED.

While the defendant contends that he did inform the plaintiffs as to the risks associated with the offer, this court will draw ail inference in the light most favorable to the non-moving party and assume, as the plaintiffs contend, that the defendant never discussed the security of the payments with the plaintiffs. However, this court does take notice of Francis Redfern’s testimony that he could not remember what Melchionna had told them about the offer.