**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1697

IN RE: THE ENVIRONMENTAL CAREERS ORGANIZATION, INC.

Debtor

GARY W. CRUICKSHANK, as Trustee of the Chapter 7 Estate of the
Environmental Careers Organization,

Plaintiff, Appellant,

v.

JOHN R. COOK, JR.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Souter,[*] Associate Justice,
and Stahl, Circuit Judge.

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

        Andrew M. Jacobs, with whom Charles R. Bennett, Jr., Theodore
J. Folkman, and Murphy & King, P.C. were on brief, for appellant.
        Sara A. Colb, with whom Barry C. Klickstein and Day Pitney LLP
were on brief, for appellee.

March 13, 2015

**PER CURIAM**.  This appeal arises out of an adversary proceeding initiated in bankruptcy court by Plaintiff-Appellant Gary W. Cruickshank, the trustee of the Chapter 7 estate of Environmental Careers Organization, Inc. ("ECO"), against ECO's former president, Defendant-Appellee John R. Cook, Jr.  ECO, a nonprofit corporation organized under the laws of Massachusetts, maintained government contracts with various agencies, including the federal Environmental Protection Agency ("EPA"), whereby it received compensation for the costs of placing students in agency internships.  The crux of Cruickshank's complaint is that Cook breached his fiduciary duty of care to the organization, insofar as he ignored warnings from his staff that he had been misinterpreting government contracts by treating certain reimbursement rates as "fixed" rather than "provisional," and had improperly retained surpluses. As a result, the complaint alleges, the EPA eventually audited ECO and sought recovery of payments of over $6 million from ECO.  Subsequently, ECO filed for bankruptcy.

Before the district court — which had withdrawn the reference to the bankruptcy court — Cook moved for judgment as a matter of law, arguing that Cruickshank could not make out his case where he had failed to proffer, in advance of trial, expert witnesses who would testify to the applicable standard of care. After a round of briefing on the issue, the district court agreed, reasoning that a jury would be capable of assessing the veracity of

-3-

Cruickshank's allegations only with the help of an expert in the area of accounting and/or corporate management practices. The court observed that whether Cook had "'failed' to take 'corrective action' after being warned that ECO was 'misinterpreting government contracts,' or to 'sufficiently inquire' into company practices, or to 'ensure' that 'proper policies' were implemented," were matters that could not reliably be assessed without an expert qualified under Federal Rule of Evidence 702; without testimony as to such matters, Cruickshank would be unable to satisfy his burden of proof as to his only claim, breach of fiduciary duty. Cruickshank v. Cook, No. 13-11247-GAO, 2014 WL 2615364, at *1 (D. Mass. June 12, 2014) (quoting Pl.'s Mem. in Opp'n to Def.'s Mot. in Limine and Mot. for J. as a Matter of Law, at 2).

Applying de novo review, we affirm. See Palmquist v. Shinseki, 689 F.3d 66, 70 (1st Cir. 2012) (reviewing district court's disposition of judgment as a matter of law under de novo standard). While expert testimony is generally inappropriate where a matter is within the realm of common experience, it may be "required in certain circumstances in which a factfinder cannot reasonably be expected to make a judgment without the benefit of technical expertise or an informed understanding of professional standards." Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 10 (1st Cir. 2011) (citing Atlas Tack Corp. v. Donabed, 47

-4-

Mass. App. Ct. 221, 226 (1999); Brown v. Gerstein, 17 Mass. App. Ct. 558, 566 (1984)).

Although Massachusetts law does not categorically require expert testimony to elucidate the professional standard of care applicable to officers of a nonprofit corporation, the district court properly concluded that this particular case could not be resolved without specialized knowledge. As the district court determined, the peculiar factual issues underlying the claim, involving technical areas of government contracting and corporate financial management, are "substantive matters beyond the ken of lay jurors." Cruickshank, 2014 WL 2615364, at *1 (citing LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 328–29 (2012)). As such, Cruickshank could not prove that Cook had deviated from the relevant standard of care without expert assistance. See Fed. R. Evid. 701 (prohibiting lay witnesses from testifying to opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702"); cf. Hochen v. Bobst Grp., Inc., 290 F.3d 446, 450–51 (1st Cir. 2002) (in product liability case applying Massachusetts law, affirming grant of summary judgment to defendant where particular issues raised were "complex and thus appropriately the subject of expert testimony," which plaintiff failed to offer).

Thus, the district court, which has primary familiarity with the evidentiary nuances of this case, did not err in granting

Cook's motion for judgment as a matter of law.  We accordingly AFFIRM the judgment of the district court.