In this legal malpractice action, the plaintiff claims that the defendant negligently represented him in a proceeding to modify a divorce judgment. A Superior Court judge allowed the defendant's motion for summary judgment, concluding that the plaintiff had no reasonable expectation of proving that the defendant failed to exercise reasonable care during the brief period of his representation.[2] The plaintiff appeals.
The basic facts are undisputed. In September of 2010 the plaintiff filed a pro se complaint in the Probate and Family Court to modify a 2007 divorce judgment. The complaint sought two modifications: an order setting "a specific coparenting schedule" and an adjustment to "the plaintiff's obligation to contribute to [the children's] post-secondary education." In November of 2010, the plaintiff hired the defendant to represent him in the modification proceeding.
The representation lasted less than four months. During that time the plaintiff "would not provide [the defendant] with any current financial information." Eventually, in February of 2011, the defendant filed a motion to withdraw as counsel, citing a breakdown of the attorney-client relationship. That motion was allowed in March of 2011. The plaintiff then hired a different attorney to represent him in the pending action.
Years later, the plaintiff discovered that he was paying an excessive amount of child support because the divorce judgment did not consider Social Security Disability Insurance (SSDI) benefits paid to his children as a credit against his support obligation. The plaintiff alleges that he made this discovery in October of 2014 and that "immediate action was taken to remedy" the issue. He then initiated this lawsuit, claiming that the defendant "negligently failed to properly calculate [the] plaintiff's child support obligations" and that, as a result, the "plaintiff overpaid child support until [the error] was discovered in October 2014." After a hearing and a subsequent telephone conference, the judge granted summary judgment for the defendant.
We review the judge's decision de novo, taking the facts in the light most favorable to the plaintiff. See Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012). Summary judgment is appropriate if the defendant can show that the plaintiff "has no reasonable expectation of proving an essential element of [his] case." Ibid. The essential elements of a claim for legal malpractice are that the "attorney committed a breach of the duty to use reasonable care," "the plaintiff suffered actual loss," and "the attorney's negligence proximately caused such loss." Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221, 226 (1999). Although these issues are generally factual ones for the jury, they may be resolved as a matter of law at the summary judgment stage. See Girardi v. Gabriel, 38 Mass. App. Ct. 553, 558-559 (1995) ; Minkina v. Frankl, 86 Mass. App. Ct. 282, 287-289 (2014).
The judge accepted, as do we, the truth of the plaintiff's allegation that the defendant's representation was for the broader purpose of challenging the divorce judgment and was not limited to the two grounds for modification specified in the plaintiff's pro se complaint. Even so, the plaintiff cannot prove two essential elements of his claim: that the defendant failed to meet the standard of care, and that his conduct proximately caused the plaintiff's loss. Again, it is undisputed that the plaintiff would not provide his current financial information to the defendant. In fact, the plaintiff admits in his brief that, at some point "after [the defendant] commenced representation," the plaintiff "stopped communicating" with him "to save legal fees." There is no evidence in the summary judgment record, and no inference can be drawn, that the defendant was ever informed that the plaintiff's children were receiving SSDI benefits. Thus, given that the defendant was not put on notice of the factual predicate for modifying the child support order, the plaintiff has no reasonable expectation of proving that the defendant violated the standard of care by failing to seek such a modification.
Nor can the plaintiff show that the defendant's purported negligence was the proximate cause of the plaintiff's injury. The defendant represented the plaintiff for only a brief four-month period, after which new counsel appeared for the plaintiff in the modification proceeding. Nothing that the defendant did or did not do in those four months prevented the plaintiff from subsequently requesting a modification of his child support obligation. We therefore conclude that there is no triable issue on causation. See Girardi, 38 Mass. App. Ct. at 559-560 ; Fiduciary Trust Co. v. Bingham, Dana & Gould, 58 Mass. App. Ct. 245, 252-254 (2003).
Judgment affirmed.[3]

The judge dismissed one of the two counts of the complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), on the ground that it was duplicative of the other count. The plaintiff does not challenge that ruling.

The defendant's renewed motion to strike the plaintiff's brief and dismiss the appeal is denied.