Raymond L. Frullo, Jr., & another[1] *vs.* F. Bradley Landenberger.

No. 03-P-342.

Barnstable. March 1, 2004. - September 13, 2004.

Present: Armstrong, C.J., Cowin, & McHugh, JJ.

*Negligence,* Attorney at law, Standard of care, Causation. *Attorney at Law,* Negligence, Malpractice. *Evidence,* Expert opinion. *Consumer Protection Act,* Consumer, Businessman's claim.

In a civil action alleging that the defendant attorney was negligent, evidence that, among other things, the defendant violated the instructions of the plaintiffs, who were his clients, to assert a G. L. c. 93A claim and to conduct certain discovery was sufficient to avoid summary judgment on the proposition that the defendant breached his duty to the plaintiffs [817-818], but expert testimony was necessary in order to enable the jury to make a judgment regarding the effect of the defendant's negligence on the plaintiffs' prospects in the underlying case, and the expert testimony at trial was not adequate to support a finding that the defendant's negligence impeded a probability of success in the underlying case [818-820].

In a civil action under G. L. c. 93A against an attorney, a Superior Court judge erred in concluding that the evidence was insufficient to support a finding that the plaintiffs were acting in a business context when they engaged the defendant to handle certain legal proceedings [820-822], but the plaintiffs' failure to show that they lost anything as a result of the defendant's actions, deceptive or otherwise, was fatal to their claim [822-823].

Civil action commenced in the Superior Court Department on February 23, 2000.

The case was heard by *Gary A. Nickerson,* J., on a motion for summary judgment.

*Saul L. Benowitz* for the plaintiffs.

*Stephen J. Duggan* for the defendant.

Cowin, J. The plaintiffs, former clients of the defendant, an attorney, brought suit against him alleging negligence, breach of

[1]Wayne G. Favier.

contract, and violations of G. L. c. 93A, § 11, arising from his representation of them during the course of earlier litigation. In allowing the defendant's motion for summary judgment, a judge of the Superior Court determined that evidence that the defendant's negligence caused loss to the plaintiffs was insufficient to warrant a finding in their favor. He concluded also that the plaintiffs' claim under G. L. c. 93A was a consumer, rather than a business, claim, and therefore could not be pursued under G. L. c. 93A, § 11.[2] The plaintiffs appealed. We agree that the plaintiffs' evidence was insufficient with respect to the claim asserting negligence. Unlike the motion judge, we believe that the evidence does justify a proceeding under G. L. c. 93A, § 11. However, the insufficiency of the evidence regarding causation of loss is fatal to the c. 93A claim as well. Accordingly, we affirm the judgment.

1. *Material facts and prior proceedings.* The evidence, accepted and construed in the light most favorable to the plaintiffs, is as follows. The plaintiffs were the principals of Telstar Telecommunications, Inc. (Telstar), a marketer of cellular telephone services. Telstar entered into an agreement with Steele Hill Development, Inc., and Summit at Four Seasons (collectively, Steele Hill) regarding the provision of cellular telephone services to Steele Hill's prospective time-share purchasers in New Hampshire. It is unnecessary to detail the parties' disagreements arising in connection with the business relationship, other than to say that Telstar's expenditure of time and money did not generate expected revenues; Telstar accused Steele Hill of first concealing the fact that the cellular telephone promotion contemplated by the agreement had been declared unlawful in New Hampshire, and then reneging on a modified agreement; and Telstar was forced into bankruptcy. Telstar's claims against Steele Hill were subsequently sold by the bankruptcy trustee to the plaintiff Wayne G. Favier, who in turn

---

[2]The judge denied the defendant's motion insofar as it asserted a defense under the statute of limitations, concluding that the question turned on disputed factual issues. The statute of limitations defense is not a subject of the present appeal.

conveyed an interest in the claims to the plaintiff, Raymond L. Frullo, Jr.[3]

Thereafter, the plaintiffs retained the defendant to assert the Telstar claims against Steele Hill, and a contingent fee agreement among them was executed. The defendant represented to the plaintiffs that he had extensive litigation experience, although in fact he had no courtroom experience at that time. The defendant forwarded to Steele Hill written demands for relief under G. L. c. 93A and the New Hampshire consumer protection statute,[4] and then filed in the Superior Court a complaint alleging essentially a breach of the Telstar contract by Steele Hill. The complaint did not assert a claim under G. L. c. 93A. After the case had been pending for a number of months, the plaintiffs became aware that their complaint did not include a c. 93A claim, and that certain discovery, particularly of documents, that they considered significant had not been conducted.

The plaintiffs made a number of requests that the defendant correct these deficiencies. Although the defendant promised to obtain the documents in question, he did not do so. Instead, approximately one and one-half years into the case, he filed a motion to withdraw as counsel, which the plaintiffs opposed. The motion was denied without prejudice. When the plaintiffs again demanded that the complaint be amended to include a claim under c. 93A, the defendant drafted a motion to amend, served it pursuant to Superior Court Rule 9A, and refiled his motion to withdraw as counsel. Despite the plaintiffs' renewed opposition, the motion to withdraw on this occasion was allowed, "subject only to the filing of motions presently circulating under Rule 9A." Despite the condition imposed by the court, the defendant did not file the motion to amend.

The plaintiffs retained successor counsel, paying them more than $5,000 to complete discovery. However, by this time, the requested documents no longer existed. Successor counsel also filed a motion to amend the complaint to assert a claim under G. L. c. 93A, § 11, but that motion was denied, apparently because of the failure of prior counsel to file such a motion

---

[3]The plaintiffs' right to pursue the Telstar claims is not disputed.

[4]A written demand for relief is not a prerequisite for maintaining an action under G. L. c. 93A, § 11, but is certainly not precluded by the statute.

despite numerous opportunities to do so.[5] The case went to trial on the breach of contract claim, resulting in a jury verdict in favor of Steele Hill.

The plaintiffs then filed a pro se complaint asserting negligence and breach of contract with respect to the defendant's failure to conduct discovery and to plead a c. 93A claim in the underlying action. Alleging that they were "persons who engaged in the conduct of a trade or commerce," the plaintiffs also asserted a claim against the defendant under G. L. c. 93A, § 11. In response to the defendant's motion for summary judgment, the plaintiffs filed an expert witness affidavit of attorney Valeriano Diviacchi expressing the view that the defendant had breached the applicable standard of care in various respects. The plaintiffs' timely appeal from the summary judgment granted in favor of the defendant brings the case here.

2. *The negligence claim.* Negligence claims against attorneys do not differ from negligence claims generally in that plaintiffs must demonstrate both that the defendant failed to adhere to an applicable standard of care, and that the failure proximately caused the plaintiffs' losses. See *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, 25 Mass. App. Ct. 107, 111 (1987) (*Colucci*). "Expert testimony is generally necessary to establish that the attorney failed to meet the standard of care owed by an attorney in a particular case." *Pongonis* v. *Saab*, 396 Mass. 1005, 1005 (1985). Such testimony may not be required where the malpractice is so obvious that a lay person can recognize it without expert assistance, or where the attorney disobeys the lawful instructions of his client. *Ibid.*

Here, the evidence was sufficient to avoid summary judgment on the proposition that the defendant breached his duty to the plaintiffs. That there was evidence that he violated his clients' instructions to assert a c. 93A claim and to conduct certain discovery appears sufficient by itself to support a finding on the subject. Apart from that, the expert's affidavit adequately asserts that, if the facts provided by the plaintiffs are true, the defendant breached the standard of care by misrepresenting his experience, failing to conduct discovery (particularly when he

---

[5]The motion to amend the complaint was allowed in certain other respects not material to this appeal.

had promised to do so), and failing to file a timely motion for leave to amend the complaint to assert a c. 93A claim after committing to the clients that it would be done.

The question then is whether the evidence warranted a finding that the defendant's negligence caused loss to the plaintiffs. "A client in a malpractice action based on an allegation of attorney negligence must show that, but for the attorney's failure, the client probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim." *Colucci*, 25 Mass. App. Ct. at 113. This is what brings about the "trial within a trial," see *Fishman* v. *Brooks*, 396 Mass. 643, 647 (1986), wherein the fact finder determines what the result of the underlying case would probably have been had the attorney not been negligent. See *Atlas Tack Corp.* v. *Donabed*, 47 Mass. App. Ct. 221, 225 (1999). It is essentially an effort to decide the causation element of the negligence case and, if causation is established, the extent of damages. Depending on the subject matter, expert testimony may be necessary. *Id.* at 226. See *Colucci, supra* at 113, 115. In certain circumstances, expert testimony is not required. See *Fishman* v. *Brooks, supra.*

In the present case, we believe that expert testimony was necessary in order to enable the jury to make a judgment, not normally within the experience of lay persons, regarding the effect of the defendant's negligence on the plaintiffs' prospects in the underlying case. The plaintiffs argue that if there is no need for expert testimony to make out the underlying case in the first place, then there is no need for expert testimony to make a case of causation of loss by reason of attorney malpractice with respect to that underlying case. They rely on *Fishman* v. *Brooks, supra*, where it was determined that expert testimony was not required to prove causation when the underlying case involved questions of negligence and comparative negligence arising from a motor vehicle accident.

While virtuous because of its simplicity, the plaintiffs' theory ignores the difference between proving the elements of a particular cause of action and proving that attorney negligence has in some fashion affected the ability to prove such elements. We have considerable difficulty in seeing how the jury, without expert assistance, would determine the significance of the

absence of discovery, or the probable success of a c. 93A claim, in litigation arising out of the Telstar-Steele Hill business dispute. Unlike automobile accidents, these are not matters that lay persons regularly encounter. We view the present case as closer to *Colucci,* 25 Mass. App. Ct. at 113-114 (expert testimony necessary to show likelihood that order restraining picketing could have been obtained); *Girardi* v. *Gabriel,* 38 Mass. App. Ct. 553, 557-560 (1995) (experts' testimony inadequate to show that improper execution of a will damaged plaintiffs); and *Atlas Tack Corp.* v. *Donabed,* 47 Mass. App. Ct. at 225-228 (expert engineering testimony required to show that, but for attorney's negligence, plaintiff could have obtained better result in dispute over environmental cleanup), than it is to the motor vehicle accident litigation of *Fishman* v. *Brooks, supra.*

We turn then to a consideration of the sufficiency of the expert testimony on the subject, and agree with the motion judge that such testimony was not adequate to support a finding that the defendant's negligence impeded a probability of success in the underlying case. While the Diviacchi affidavit is explicit with respect to the defendant's breach of the standard of care, it is carefully crafted to avoid giving an actual opinion as to the effect of that negligence on the plaintiffs' claims. Thus, the affidavit consists of ten numbered paragraphs, some lengthy, nine of which are devoted to the attorney's alleged negligence. The tenth paragraph alone addresses the effects of the negligence on the underlying case. With respect to the principal claims that the plaintiffs were deprived of probable success by their attorney's negligence, Mr. Diviacchi states, "Assuming that the 93A claim had merit, the failure to plead it would cause the loss of any 93A damages that would have been collected at trial. Assuming that the missing discovery [materials were] dispositive, the failure to discover them would cause the loss of whatever damages that would have been proved through their availability at trial." This of course says nothing more than that, if the negligence mattered, then the negligence mattered. The affidavit does not deal substantively with the question whether there was a causal relationship between the attorney's negligence and the outcome of the underlying case,

and the motion judge correctly awarded summary judgment on this ground.[6] See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991).[7]

The plaintiffs complain that, if the motion judge thought that the expert's affidavit was insufficient, he should have granted them additional time in which to obtain other testimony. The short answer to this proposition is that the plaintiffs never requested such an opportunity, either by an affidavit under Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974), or otherwise. Thus, the issue emerges for the first time on appeal. That the plaintiffs were proceeding pro se at the time does not excuse them from observing normal requirements regarding oppositions to summary judgment motions or requests for enlargements of time. See *Davis* v. *Tabachnick*, 425 Mass. 1010 (1997). The motion judge did not abuse his discretion in ruling upon the materials that the parties had placed before him.

3. *The claim under G. L. c. 93A, § 11.* The plaintiffs, proceeding under G. L. c. 93A, § 11, alleged that they were engaged in

---

[6]In their opposition to the defendant's motion for summary judgment, the plaintiffs argued that the defendant's failure to obtain the missing discovery was the proximate cause of the plaintiffs' failure to prove their breach of contract claim in the underlying case. Their argument poses a somewhat tenuous connection between the missing discovery and the breach of contract claim, however. The missing discovery, they assert, would have shown an inaccuracy in the testimony of Steele Hill's witness concerning the number of visitors per week at Steele Hill. Thus, the plaintiffs argue, the witness's credibility would have been impeached and, therefore, his testimony regarding the central issue in the case, the oral modification of the contract, would have been disbelieved, and the plaintiffs would have prevailed on their breach of contract claim. Given the tenuous and indirect nature of the asserted connection between the missing discovery and the plaintiffs' proof of their breach of contract claim, an expert's opinion confirming that connection was required, notwithstanding the general principle that "an attorney defending a malpractice action may not rely on the consequences of his own negligence to bar recovery against him." *Jernigan* v. *Giard*, 398 Mass. 721, 723 (1986).

[7]Paragraph 10 of the Diviacchi affidavit also expresses the view that, apart from whatever damages they may have incurred because of the unfavorable outcome of the underlying case, the plaintiffs also lost between $5,000 and $7,000 because they had to pay successor counsel to conduct discovery that should have been conducted by the defendant for no additional charge under the terms of the contingent fee agreement. The affidavit does not address whether it was reasonable to conduct such discovery, and we do not see how such a judgment could be made by the jury without expert assistance. See note 6, *supra*.

the conduct of trade or commerce and that, as a result of the unfair acts or practices of the defendant, who was also engaged in trade or commerce, they suffered a loss of money or property. General Laws c. 93A distinguishes between "consumer" and "business" claims, the former actionable under § 9, the latter actionable under § 11. See *Lantner* v. *Carson*, 374 Mass. 606, 610 (1978) ("where § 9 affords a private remedy to the individual consumer . . . , an entirely different section, § 11, extends the same remedy to '[a]ny person who engages in the conduct of any trade or commerce' "). Engaging in trade or commerce means "acting in a business context." *Id.* at 611. A business claim cannot be asserted under § 9. See *DiVenuti* v. *Reardon*, 37 Mass. App. Ct. 73, 79 (1994).

The dividing line between a consumer claim and a business claim for purposes of G. L. c. 93A, §§ 9 and 11, is not always clear. A number of cases have attempted to define it. See *Lantner* v. *Carson, supra*; *Linthicum* v. *Archambault*, 379 Mass. 381, 386-387 (1979); *Begelfer* v. *Najarian*, 381 Mass. 177, 190-191 (1980); *Linkage Corp.* v. *Trustees of Boston University*, 425 Mass. 1, 22-27, cert. denied, 522 U.S. 1015 (1997) (nonprofit defendant); *Lynn* v. *Nashawaty*, 12 Mass. App. Ct. 310, 312-314 (1981); *Brown* v. *Gerstein*, 17 Mass. App. Ct. 558, 569-571 (1984). Ultimately, the choice appears to turn on whether a given party has undertaken the transaction in question for business reasons, or has engaged in it for purely personal reasons (such as the purchase of an item for personal use). While the character of the transaction will not always be easy to identify, the distinction is consistent with the language of the respective statutory sections. Whereas a defendant must be engaged in trade or commerce, i.e., acting in a business context, to be liable under either § 9 or § 11, a plaintiff who acts in a business context has a cause of action exclusively under § 11. Thus, any transaction in which the plaintiff is motivated by business considerations gives rise to claims only under the statute's business section. That a transaction may be an isolated one not in the normal course of business does not insulate it from the reach of G. L. c. 93A, § 11. See *Begelfer* v. *Najarian*, 381 Mass. at 191; *Gargano & Assocs., P.C.* v. *John Swider & Assocs.*, 55 Mass. App. Ct. 256, 263 (2002).

There is no doubt that the provisions of G. L. c. 93A apply to attorneys. See *Guenard* v. *Burke*, 387 Mass. 802, 809 (1982); *Brown* v. *Gerstein*, 17 Mass. App. Ct. at 570. Whether a particular plaintiff is acting in a business context in his interaction with an attorney is a question of fact, see *id.* at 570-571, although obviously the fact finder must apply appropriate legal principles in making the determination. In the present case, the judge erred in concluding that the evidence was insufficient to support a finding that the plaintiffs were acting in a business context when they engaged the defendant to handle legal proceedings against Steele Hill. That action arose as the result of disagreements that materialized during what was indisputably a business venture, specifically, Telstar's project of marketing cellular telephones to Steele Hill's customers. To the extent that the plaintiffs attempted to recover losses incurred in the business allegedly because of the unlawful actions of Steele Hill, and retained an attorney to do so, that attempt was a part of the business venture. See *id.* at 571.[8] If the attorney-client relationship misfired, and the plaintiffs were deprived, by the deceptive acts or practices of their attorney, of a recovery to which they were otherwise entitled, a subsequent c. 93A action against that attorney likewise arises in a business context. Certainly the defendant's services had not been purchased by the plaintiffs "primarily for personal, family or household purposes." *Linthicum* v. *Archambault*, 379 Mass. at 387. At a minimum, a factual dispute precluding summary judgment existed.

Although we disagree with the judge's conclusion that this is not a § 11 proceeding as matter of law, that does not end the inquiry. While the plaintiffs were entitled to proceed under § 11, and while the evidence may have warranted a finding that the defendant acted unfairly or deceptively, the plaintiffs were still required to demonstrate that there was a causal nexus between the defendant's unlawful acts and their damages. General Laws c. 93A, § 11, as inserted by St. 1972, c. 614, § 2, provides a cause of action to an eligible person "who suffers any loss of money or property, real or personal, as a result"

---

[8] We do not see that the transaction was any less in a business context because the plaintiffs acquired the claims against Steele Hill by assignment from a bankrupt corporation that they had previously controlled.

of the violation. Thus, the unfair or deceptive act or practice must be shown to have caused the loss of money or property that § 11 makes actionable. See *Massachusetts Farm Bureau Fedn., Inc.* v. *Blue Cross of Mass., Inc.*, 403 Mass. 722, 730 (1989).

Here, for the reasons stated in part 2 of this opinion, there has been no showing that the plaintiffs lost anything as a result of the defendant's actions, deceptive or otherwise. Such a showing required evidence that the plaintiffs, absent the defendant's c. 93A violation, would probably have prevailed in the underlying case against Steele Hill. If they were destined to lose that case irrespective of the defendant's actions or omissions, the c. 93A violations caused them no loss of money or property. The absence of evidence on this essential element is fatal.

*Judgment affirmed.*