Jordan M. RICE, Plaintiff,

v.

Eugene P. McCANN, Defendant.

Civil Action No. 06–10502–NMG.

United States District Court, D. Massachusetts.

Feb. 20, 2009.

Eugene P. McCann, Manzi & McCann, Lawrence, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

On March 20, 2006, plaintiff Jordan M. Rice ("Rice") filed a complaint against defendant Eugene P. McCann ("Atty. McCann"), in his individual and official capacity as an attorney, under 42 U.S.C. §§ 1981, 1983, 1985 and 1988. He alleges legal malpractice in violation of his First, Fifth, Sixth, Eighth and Fourteenth Amendment rights. Both parties have now filed motions for summary judgment.

### I. *Background*

This suit arises out of Rice's *pro se* application for a writ of habeas corpus filed on April 29, 2004. Rice was convicted of arson and first degree murder by reason of extreme atrocity and cruelty on October 20, 1998. He unsuccessfully appealed the convictions and then sought habeas corpus relief on nine grounds including ineffective assistance of his trial counsel, Henry Owens ("Atty. Owens"), and prosecutorial misconduct in withholding certain evidence (a bloody palm print found on a coffee cup at the scene of the crime). The judge presiding over the habeas corpus petition appointed Atty. McCann under the Criminal Justice Act ("CJA") to represent Rice on March 17, 2005.

Rice now alleges that Atty. McCann failed to represent him adequately due to two conflicts of interests: 1) Atty. McCann is related to a lieutenant at the Massachusetts Department of Correction whom Rice sued in another action alleging mental, physical and sexual abuse and 2) Atty. McCann "is friends" with Atty. Owens. Rice seeks declaratory judgment and twenty million dollars in damages. Atty. McCann has filed an answer to the complaint and asserted eight affirmative defenses.

The parties filed cross-motions for summary judgment in March, 2008, which are currently pending. Rice alleges that Atty. McCann failed 1) to address before the habeas judge the issues that prompted that judge to appoint him in the first place (ineffective assistance of counsel and prosecutorial misconduct), 2) to make arguments in support of the claim of ineffective assistance of counsel, 3) to cite any cases in his reply to the opposition to Rice's habeas corpus petition, 4) to raise "stronger issues" while, instead, arguing the "weaker ones", 5) to exhaust all unexhausted issues raised in the petition and 6) to investigate errors in the DNA testing that connected the defendant to the crimes of which he was convicted. Those multiple failures, so Rice asserts, prevented him

from receiving favorable federal habeas review.

Atty. McCann responds that 1) this Court lacks subject matter jurisdiction over the case and 2) Rice has failed to establish undisputed facts entitling him to judgment as a matter of law. The Court addresses those arguments *ad seriatum.*

## II. *Analysis*

A court must dismiss any case over which it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). Atty. McCann argues that in order for this Court to have subject matter jurisdiction over Rice's case brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, Atty. McCann must be found to have been acting under color of state law. He states that, as Rice's CJA-appointed attorney, he was not acting under color of state law and that, therefore, this Court lacks subject matter jurisdiction over Rice's claim against him.

Atty. McCann's argument is well-taken because § 1983 applies only to defendants who have acted "under color of any statute ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia". 42 U.S.C. § 1983; *see Polk County v. Dodson,* 454 U.S. 312, 320, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law in representing an indigent client).

Atty. McCann's argument does not, however, extend to Rice's claims under § 1981 or § 1985 because both of those statutes may apply to private acts. *Runyon v. McCrary,* 427 U.S. 160, 168–71, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) (§ 1981); *Griffin v. Breckenridge,* 403 U.S. 88, 88–89, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (§ 1985). Those two claims should, however, be dismissed for other reasons.

■ Section 1981 proscribes only intentional discrimination based on race. 42 U.S.C. § 1981; *Alexis v. McDonald's Restaurants of Mass., Inc.,* 67 F.3d 341, 346 (1st Cir.1995). Because Rice has made no allegation of race-based discrimination, his § 1981 claim must fail.

■ Section 1985(2) prohibits conspiracies to obstruct judicial proceedings "with intent to deny to any citizen the equal protection of the laws" and § 1985(3) prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws". 42 U.S.C. § 1985(2)-(3). Presumably, Rice is proceeding pursuant to those subsections of § 1985 because the remainder of the statute concerns conspiracies to prevent an officer from performing his official duties and thus appears to be inapplicable to this case. 42 U.S.C. § 1985(1). Sections 1985(2) and (3) both require proof of a "class-based, invidiously discriminatory animus". *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975) (internal quotation marks omitted). Rice makes no claim of animus based on his membership in a particular class and, therefore, his § 1985 claim must fail.

■ Any potential liability of Atty. McCann under § 1988 depends upon his liability under the other asserted civil rights claims. *See* 42 U.S.C. § 1988; *Moor v. Alameda County,* 411 U.S. 693, 702, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Because Atty. McCann has no liability under §§ 1981, 1983 or 1985, he is not liable under § 1988.

Although superfluous to its decision, the Court notes that Atty. McCann also contends that Rice could not succeed on the merits of his claim of malpractice in any event because he has not produced sufficient evidence of his actual innocence. In support of that contention, Atty. McCann cites to *Glenn v. Aiken,* 409 Mass. 699, 569 N.E.2d 783, 788 (1991). That case, however, applies only to criminal defendants suing their attorneys for malpractice. Al-

though Rice was a criminal defendant at one time, Atty. McCann represented him in his capacity as a civil habeas corpus petitioner. Therefore, *Glenn* is inapposite.

Rather, to succeed in his claim of legal malpractice, Rice would have to provide proof that Atty. McCann's action (or inaction) proximately caused him harm. *Frullo v. Landenberger*, 61 Mass.App.Ct. 814, 814 N.E.2d 1105, 1109 (2004). Thus, Rice would have to prove that he would have prevailed on his habeas corpus petition but for the representation provided by Atty. McCann. Because Rice has failed even to attempt such a proof, the Court declines to address the issue further.

### ORDER

In accordance with the foregoing:

1) Atty. McCann's motion for summary judgment (Docket No. 37) is treated as a motion to dismiss for lack of subject matter jurisdiction and is **ALLOWED;**

2) Rice's motion for summary judgment (Docket No. 30) is **DENIED;** and

3) Rice's motion for writ of habeas corpus ad testificandum (Docket No. 29) enabling him to appear for a hearing on his motion for summary judgment is **DENIED AS MOOT.**

**So ordered.**