Hinkle, Margaret R., J.
Valve manufacturer Watts Regulator Company (“Regulator”) and its parent company, Watts Water Technologies, Inc. (“Water”), filed this action against several insurance companies (“the Insurers”) seeking a declaratory judgment that the Insurers have a duty to defend them in approximately 300 lawsuits brought in a dozen states alleging bodily injury as result of exposure to asbestos-containing products. This matter is before the court on the defendants’ motion to dismiss Count IV of the plaintiffs’ amended complaint under Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, after a hearing, the Insurers’ motion is allowed.
BACKGROUND
Since 1936, Regulator has been a manufacturer of valves which regulate the flow of liquids and gases. In 1985, Water was incorporated as a holding company, and Regulator became a wholly-owned subsidiary of Water. Regulator purchased commercial liability policies from the Insurers which cover periods before Water was created. Since 2001, Regulator, Water and other entities affiliated with Water have been sued in approximately 300 lawsuits in a dozen states alleging injury from asbestos in their products. In some actions, Regulator was directly named as a defendant. In others, Regulator was identified as Watts Water a/k/a or d/b/a Watts Regulator. In other cases, Regulator was not named, but Water was named either individually or as the successor to Museco Inc., Leslie Controls, Inc., Ames Company, Inc., Hoke, Inc., or Powers Process Controls (“the uninsured Watts affiliates”). Each Insurer is defending under a reservation of rights. Water has retained Foley Hoag as national counsel and other law firms as local counsel. Regulator has entered into a joint defense with the uninsured Watts affiliates.
Water and Regulator filed this breach of contract and declaratory judgment action against the Insurers on June 24, 2005 and were permitted to amend their complaint on December 11, 2008.
Count I of the Amended Complaint alleges breach of contract from the Insurers’ failure to reimburse Water and Regulator promptly for local and national counsel fees in accordance with the applicable insurance policies and a July 10, 2007 declaratory judgment by this Court (Gants, J.) [22 Mass. L. Rptr. 659). Count II seeks a declaratory judgment concerning the Insurers’ obligations with respect to defense costs. Count III alleges breach of the implied covenant of good faith and fair dealing under the relevant insurance policies. Count IV alleges a G.L.c. 93A §9 claim against the Insurers based on violations of G.L.c. 176D, §3(9). In allowing the plaintiffs to amend their complaint to add this claim, this Court (Gants, J.) noted that it was not ruling on the legal issue of whether the plaintiffs, as corporations, would be entitled to relief under §9 of Chapter 93A. Finally, Count v. of the Amended Complaint alleges a G.L.c. 93A, §11 claim against the Insurers based on unfair claim settlement practices and other unfair and deceptive acts.
DISCUSSION
When evaluating the legal sufficiency of a complaint under Mass.RCiv.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berish v. Bornstein, 437 Mass. 252,267 (2002). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Iannacchino v. Ford Motor Co., 451 Mass. at 636. Dismissal under Rule 12(b)(6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not add up to a cause of action which the law recognizes, such that the plaintiffs claim is legally insufficient. Nguyen v. William Joiner Center for the Study of War and Social Consequences, 450 Mass. 291, 294 (2007).
The Insurers move to dismiss Count IV of the Amended Complaint on the ground that, as a matter of law, a business plaintiff cannot bring a claim under Chapter 93A, section 9, for unfair settlement practices. Section 9 states in relevant part:
*222 Any person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder or any person whose rights are affected, by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court. . .
G.L.c. 93A, §9(1) (emphasis added).
Whether the highlighted language permits a § 11 business plaintiff to sue under §9 for a violation of G.L.c. 176D, §3(9) has not been directly addressed by our appellate courts. See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 14 n.5 (1989) (since court found no violation of 176D, it need not address insurer’s argument that commercial plaintiff must sue only under §11); Boston v. Aetna Life Ins. Co., 399 Mass. 569, 574 (1987) (plaintiffs failure to send demand letter fatal to §9 claim, so court need not reach “whether a person who is entitled to bring an action under G.L.c. 93A, §11, may (also or alternatively) bring an action under §9 as a ‘person whose rights are affected by another person violating the provisions of [Chapter 176D]’ ”). Therefore, the Court has the task of interpreting section 9 in this regard.
I am guided by established principles. A statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied, and the main object to be accomplished. Seideman v. City of Newton, 452 Mass. 472, 477 (2008). The court must interpret a statute so as to render the legislation effective, considering the subject matter to which it relates and consonant with sound reason and common sense. Id.; State Bd. of Retirement v. Bulger, 446 Mass. 169, 174 (2006).
Plaintiffs contend that the plain language of G.L.c. 93A, §9 allows “any person” to sue under §9 for a Chapter 176D violation, emphasizing that the Legislature failed to repeat the phrase “other than a person entitled to bring action under section eleven of this chapter" before authorizing a Chapter 176D-based claim later in the same sentence. See Commissioner of Corr. v. Superior Court Dept. of the Trial Court, 446 Mass. 123, 126 (2006) (where Legislature has carefully employed term in one place and excluded it in another, court will not read it in).
One local Federal judge adopted this interpretation:
. . . based on the plain language of the statute, I believe it is clear that entities which may bring a §11 action are not precluded from bringing a §9 action for unfair settlement practices. The absence of the limiting phrase “other than a person entitled to bring action under section 11" following the second ’’any person" in §9 makes clear that the people eligible to bring an unfair settlement practices claim under §9 includes non-consumers.
Amtrol, Inc. v. Tudor Ins. Co., 2002 U.S.Dist. LEXIS 18691 at * 41-42 (D.Mass. 2002) (Woodlock, J.).
However, statutes are to be interpreted not only according to their simple, literal or strict verbal meaning, but in connection with their development, their progression through the legislative body, the history of the times and prior legislation. Sullivan v. Chief Justice for Admin. & Mgmt. of the Trial Ct., 448 Mass. 15, 24 (2006). “If a liberal, even if not literally exact, interpretation of certain words is necessary to accomplish the purpose indicated by the words as a whole, such interpretation is to be adopted rather than one which will defeat that purpose.” Id.
The Insurers argue that interpreting §9 to permit a business plaintiff to bring a Chapter 176D claim thereunder would violate the Legislature’s intent in providing distinct 93A remedies, with different requirements, for consumer and business plaintiffs. See, e.g., Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 814 (1992) (noting that 93A plaintiff must proceed either under §9, if a consumer, or under §11, if a business person engaged in trade or commerce); Frullo v. Landenberger, 61 Mass.App.Ct. 814, 821, rev. den., 442 Mass. 1111 (2004) (noting that 93A distinguishes between consumer and business claims); Continental Ins. Co. v. Bahnan, 216 F.3d 150, 156 (1st Cir. 2000) (describing sections 9 and 11 as mutually exclusive).
In keeping with this legislative intent, a Federal Magistrate Judge concluded that the language “any person, other than a person entitled to bring action under section eleven of this chapter” defines a §9 plaintiff for all purposes, and that the later use, in the same sentence, of the phrase “any person” in connection with Chapter 176D violations is simply a shorthand reference to the longer definition. See John Beaudette, Inc. v. Sentry Ins. A. Mut. Co., 94 F.Sup.2d 77, 123 (D.Mass. 1999) (Bowler, J.). Accord Transamerica Ins. Group v. Turner Constr. Co., 33 Mass.App.Ct. 446, 452 (1992) (“a person whose rights are affected by a violation of G.L.c. 176D, §3(9), has a right of action under G.L.c. 93A, §9, but by express language in §9(1), that right does not inhere in a person entitled to bring an action under G.L.c. 93A, §11”); Westfield Realty Trust v. Continental Cas. Co., 4 Mass. L. Rptr. No. 23, 495 (Januaiy 29, 1996) (Dortch-Okara, J.) (insured business which filed suit under §9 and §11 of 93A alleging violations of 176D could only recover under §11 because §9 only provides right of action to person not entitled to bring suit under §11). This Court agrees with this common sense reading of the statute, which is consistent with the legislative histoiy of section 9 as it relates to Chapter 176D.
*223 The 1977 decision of Dodd v. Commercial Union Ins. Co. established that Chapter 93A affords consumers a private remedy for violations of Chapter 176D. 373 Mass. 72, 76-79 (1977). Dodd also stated that under the then-existing language of §9, only a purchaser of an insurance policy, and not an additional insured, could recover for unfair settlement practices. Id. at 81. In 1979, the Legislature amended §9, eliminating the requirement that the plaintiff have purchased services or properly, replacing the loss of money or property requirement with the requirement that the plaintiff be “injured,” and affording a remedy to “any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D.” See Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Assoc., 399 Mass. 886, 895-96 n.20 (1987); DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 93 n.7 (1983). As explained by a leading commentator on Chapter 93A:
The effect of the amendment was to broaden the class of persons who could bring private causes of action for unfair insurance claims settlement practices beyond purchasers of policies to additional insureds, beneficiaries, and also tort plaintiffs directly against the policy holder’s insurer. As a result, a private consumer and other third parties who have been injured by any violation of M.G.L.A. c. 93A, §2 or M.G.L.A. c. 176D may recover damages under 93A, §9.
Michael C. Gilleran, The Law of Chapter 93A §9.36 (2d ed. 2007).
Nothing in the case law or commentaiy concerning Chapter 93A supports plaintiffs’ argument that the Legislature, in enacting the 1979 amendment to §9, intended to allow business plaintiffs to recover automatically for violations of Chapter 176D in the same manner as consumer plaintiffs. To the con-traiy, there are numerous cases which, without specifically discussing the “any person” language of §9, conclude that a §11 business plaintiff cannot establish a per se 93A violation merely by proof of a Chapter 176D violation. See, e.g., Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 754 (1993) (business plaintiff must sue under §11, which does not incorporate violation of 176D as does §9, and must show that violation of 176D was unfair or deceptive under §2); DiVenuti v. Reardon, 37 Mass.App.Ct. 73, 79 (1994) (business plaintiff could not sue under §9 and therefore could not rely on violation of Chapter 176D alone to establish claim); Gray Excavation, Inc. v. Acadia Ins. Co., 23 Mass. L. Rptr. No. 22, 497 (March 3, 2008 ) (Lemire, J.) (business plaintiff cannot bring direct 176D claim because §9 excludes §11 plaintiffs; but violations of 176D are some evidence of unfair practices under §11); Continental Ins. Co. v. Bahnan, 216 F.3d 150, 151 (1st Cir. 2000) (since business plaintiffs only access to 93A is limited to § 11, he cannot maintain derivative 176D claim); M. DeMatteo Constr. Co. v. Century Indem. Co., 182 F.Sup.2d 146, 160 (D.Mass. 2001) (business plaintiff must sue under §11, which does not make 176D violation an automatic 93A violation like §9).
In addressing the 1979 amendment to §9, the court in John Beaudette, Inc. stated:
Section nine’s broad inclusion of . . . any person affected by another person’s violation of clause nine of section 176D applies to section nine plaintiffs. It does not apply to section 11 plaintiffs who must proceed under the language of section 11 requiring a violation of section two. Not only did the Massachusetts legislature preface section nine with language unambiguously indicating that “any person” does not include a person entitled to bring a section 11 claim, but the Massachusetts legislature did not amend section 11 in 1979 to include a reference to section 176D or to any person injured . . . The language in section nine does not eviscerate the longstanding distinction between section nine and section 11 plaintiffs . . .
94 F.Sup.2d at 122-23. This Court agrees that had the Legislature intended to permit business entities to sue for Chapter 176D violations as per se violations of Chapter 93A, the Legislature logically would have accomplished that result by amending either §11, which pertains only to business plaintiffs, or §2, which prohibits unfair or deceptive acts or practices and applies to both §9 and §11 plaintiffs.
Thus, this Court concludes that the remedies set forth in §9 of Chapter 93A are available only to a “person, other than a person entitled to bring action under §11...” Therefore, a business plaintiff permitted to sue under §11 of Chapter 93A may not sue under §9 for alleged violations of Chapter 176D. Because it is undisputed that plaintiffs are engaged in the conduct of trade or commerce and are entitled to bring suit under G.L.c. 93A, §11, Count IV of the plaintiffs’ Amended Complaint fails to state a claim upon which relief may be granted.
ORDER
For the foregoing reasons, Defendants’ Motion to Dismiss Count IV of Plaintiffs’ Amended Complaint is ALLOWED.