NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-999

GERALD N. PELLEGRINI

vs.

NORTHEASTERN UNIVERSITY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from the plaintiff's second lawsuit against Northeastern University and Northeastern University Professor Nian X. Sun, in connection with an academic article Sun authored describing the results of scientific experiments that Sun and the plaintiff collaborated on.[2]  In this case, a judge of the Superior Court dismissed the plaintiff's amended

---

[1] Nian X. Sun.

[2] Summary judgment entered in favor of the defendants in the first action.  A panel of this court affirmed the judgment in an unpublished decision under our former rule 1:28.  See Pellegrini v. Northeastern Univ., 92 Mass. App. Ct. 1112 (2017).  Another panel affirmed the subsequent denial of the plaintiff's motion for relief from judgment in a separate unpublished decision. See Pellegrini v. Northeastern Univ., 96 Mass. App. Ct. 1116 (2020).

complaint for failure to state a claim. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Because, like the judge, we conclude that the plaintiff's amended complaint fails to allege that he suffered a loss of money or property as a result of the defendants' claimed violations of G. L. c. 93A, § 11, and breaches of the covenants of good faith and fair dealing, we affirm.

Background. When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we treat the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Paradis v. Frost, 103 Mass. App. Ct. 410, 413 (2023).

In 2010, Sun accepted the plaintiff's offer to collaborate with him in conducting privately-funded experiments to test the plaintiff's "intellectual property" (the IP) -- certain patented ideas the plaintiff had developed for harvesting clean and renewable energy. This agreement was memorialized in a memorandum of understanding. Over the next eighteen months, Sun oversaw research using the IP and, in 2012, published an academic article about that work. Sun's article[3] did not support the viability of the plaintiff's theories, and the plaintiff

_____

[3] The article, which is included in our record, lists Pellegrini, Sun, and others as coauthors.

2

alleged that the article both "misrepresented the true and accurate research results," and effectively suggested that the IP was "inoperable and worthless."  Sun did not retract or "correct" the published article, despite the plaintiff's request that he do so.

In 2019, an investor, Royal Dutch Shell (Shell), showed interest in the IP and invited the plaintiff to attend a conference on "new energy technologies."  Later that year, however, Shell "lost interest" in the project; Shell suggested that it would reconsider investing in the IP if its performance could be demonstrated through testing.  The plaintiff did not claim that Shell's decisions were affected by Sun's research results or the published article, or that Shell was even aware of the article.[4]  The plaintiff also did not allege any specific monetary loss stemming from Sun's publication of the article or his failure to retract or "correct" it, stating only that "[e]vidence at trial [would] show that [the defendants'] failure to correct the scientific record . . . severely damaged the 'fair market value' of [the] IP . . . ."

Discussion.  We review the allowance of a motion to dismiss de novo.  Dartmouth v. Greater New Bedford Regional Vocational

_____

[4] The plaintiff did claim that he requested that Sun retract the article so that he (the plaintiff) could "exploit the results of the research . . . for commercial gain."

3

Tech. High Sch. Dist., 461 Mass. 366, 373 (2012).  To survive a motion to dismiss, a complaint must make "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief."  Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true . . . ."  Iannacchino, supra, quoting Bell Atl. Corp., supra at 555.

As the judge here correctly noted, the viability of each of the plaintiff's claims depends on his alleging recoverable damages caused by the defendants' conduct.  See Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 791 (2006) (proof of injury, whether economic or noneconomic, "is an essential predicate for recovery under our consumer protection statute"); McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 233-234 (1984) (failure to allege recoverable damages is fatal to claim for breach of implied covenant of good faith and fair dealing); Frullo v. Landenberger, 61 Mass. App. Ct. 814, 823 (2004) (absence of essential element of loss of money or property is "fatal" to G. L. c. 93A, § 11, claim, even in light of evidence of unfair or deceptive act).  The plaintiff has not met this burden, however, as he has not alleged that the publication of Sun's article caused him any economic harm.  The

4

plaintiff's conclusory statements linking the defendants'
conduct to an unspecified diminution of the value of the IP may
be "consistent with" the defendants' liability under the
plaintiff's theories of the case, but they do not "plausibly
suggest[]" that liability.  Iannacchino, 451 Mass. at 636.
Without more, the plaintiff's claim to unspecified damages to be
proved at trial is insufficient to support the claims against
the defendants in the amended complaint.[5]  See id.

                                        Judgment affirmed.

By the Court (Hand, Grant &
  Wood, JJ.[6]),

Clerk

Entered:  June 5, 2025.

---

[5] Given our conclusion, we need not and do not reach the other issues addressed in the defendants' brief and the plaintiff's reply brief.

[6] The panelists are listed in order of seniority.

5