Syed and Polly Bokhari entered into a purchase and sales agreement to sell their home. They say they did so in reliance on a mortgage loan pre-approval letter that the bank issued to the buyer. The pre-approval letter told the buyer that the Bank had approved them for a mortgage loan based on its “review of your credit profile and verification of you assets and income.” The Bokharis have presented evidence that this representation was false, and that in fact the Bank had not looked at the buyer’s credit profile and made no attempt to verify their assets and income. The buyer then backed out of the deal and made plans to buy a different home, after which the Bokharis could not find a new buyer. The Bokharis contend that their inability to sell was the result of them taking their home off the market and then putting it back on, which allegedly created a perception in the market that there was something wrong with their home.
The Bokharis have sued the Bank, asserting claims for intentional fraud, negligent misrepresentation, and engaging in unfair or deceptive trade practices in violation of G.L. c. 93A.
The Bank has moved for summary judgment on all three claims, arguing that it cannot be found liable under any of these claims because (I) the injuries claimed by the Bokharis were not foreseeable, so the Bank’s alleged misconduct could not have been the proximate cause, and (ii) the Bokharis’ sale of their home and their alleged subsequent difficulties occurred only because the buyer decided to breach the P&S Agreement, and thus the buyer’s misconduct was a superseding cause that cuts off any liability for the bank.
In the alternative, the Bank seeks summary judgment as to the c. 93A claim on the further ground that it had no business relationship with the Bokharis.
The Court will deny this motion because the Bank has not established that it is entitled to judgment in its favor as a matter of law on any of these grounds.
 
                                                            -1-
 
1. Causation Issues. For all three of their claims, the Bokharis bear the burden of proving that the alleged wrongdoing by the Bank caused them to suffer some compensable harm or injury. See, e.g., Masingill v. EMC Corp., 449 Mass. 532, 540 (2007) (fraud); Cumis Ins. Society, Inc. v. BJ’s Wholesale Club, Inc., 455 Mass. 458, 471–472 (2009) (negligent misrepresentation); and Bellermann v. Fitchburg Gas & Elec. Light Co., 475 Mass. 67, 73 (2016) (G.L. c. 93A).
To do so, the Bokharis must show that the bank’s alleged misrepresentations was both a “factual cause” and a “legal cause” of the harm that they suffered. See Doull v. Foster, 487 Mass. 1, 7–8 (2021). “Legal causation is also commonly referred to as ‘proximate causation.’ ” Id. at 7; accord, e.g., Kent v. Commonwealth, 437 Mass. 312, 320 (2002).
“Generally, a defendant is a factual cause of a harm if the harm would not have occurred ‘but for’ the defendant’s negligent conduct.” Doull, supra, at 7. “[T]here is no limit on how many factual causes there can be of a harm.” Id. at 12. Thus, “there is no requirement that a defendant must be the sole factual cause of a harm;” to the contrary, in many cases there is more than one but-for cause of an injury. See Id. at 16–17.
The Bank’s alleged misrepresentations are a legal or proximate cause of the harm if the injury suffered by the Bokharis was also “within the scope of the foreseeable risk arising from” that misconduct” Id. at 8, quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 45 (2009).
1.1. Proximate Cause. The Bank argues that “the Bokharis cannot establish proximate causation” because “the Bokharis’ injuries here fall well outside the scope of reasonably foreseeable risk arising from the Preapproval Letter.” The Court is not persuaded.
Proximate causation “is generally a factual issue for the jury,” so long as there is “sufficient evidence for the jury to conclude” that the plaintiffs’ claimed injury “was a reasonably foreseeable result” of the defendant’s alleged wrongdoing. Reid v. City of Boston, 95 Mass. App. Ct. 591, 601 (2019). “The issue of foreseeability can be resolved as a matter of law only where ‘no rational view of the evidence would warrant a finding of [foreseeability].’ ” Dubuque v. Cumberland Farms, 93 Mass. App. Ct. 332, 348 (2018), quoting Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass. App. Ct. 901, 902 (1987).
In the circumstances of this case, a reasonable jury might conclude that the Bokharis “were among those” that the Bank “had reason to expect would rely
 
                                                            -2-
 
upon its statements,” and that the Bokharis’ claimed losses both flowed from the Bank’s alleged fraud and were a foreseeable result of the false representations. See Reisman v. KPMG Peat Marwick LLP, 57 Mass. App. Ct. 100, 110–113 (2003) (alleged fraud by accounting firm in certifying corporation’s financial statements).
A court may not grant summary judgment where, as here, “a reasonable jury could return a verdict for the nonmoving party.” Dennis v. Kaskel, 79 Mass. App. Ct. 736, 741 (2011), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248 (1986).
1.2. Superseding Cause. The Bank also argues that the buyer’s decision to breach his P&S with the Bokharis was a superseding cause that broke any chain of causation between the Bank’s Preapproval Letter and the Bokharis’ claim injuries. Once again, this is not an issue that can be resolved on summary judgment.
If intervening events or conduct by a third party occur “between the negligent conduct and ultimate harm,” the intervening events were not the result of the defendant’s negligence, the plaintiff would not have been harmed but for the intervening cause, and those intervening events were not a foreseeable risk of the defendant’s negligence, then the intervening events “become a superseding cause of the harm” and the defendant is not liable for its negligence. Id.; accord, e.g., Kiribati Seafood Company, LLC v. Deschert LLP, 478 Mass. 111, 120 (2017); Jesionek v. Massachusetts Port Auth., 376 Mass. 101, 105 (1978).
Thus, an unforeseeable, superseding cause will relieve the defendant of liability for its negligence by “extinguish[ing]” any prior proximate cause, Kent v. Commonwealth, 437 Mass. 312, 321 (2002) or, alternatively, “sever[ing] the chain of proximate causation.” Mullins v. Pine Manor College, 389 Mass. 47, 62 (1983).
But whether the possibility that the buyer approved by the Bank might choose to breach the P&S was foreseeable when the Bank issued the Preapproval Letter cannot be resolved as a matter of law. Where, as here, “under the undisputed facts there is room for reasonable difference of opinion” as to whether an intervening act was “foreseeable, the question should be left to the jury.” Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 795 (1987), quoting Restatement (Second) of Torts (1965), § 453 comment b. As a result, the Bank is not entitled to summary judgment on the ground that a superseding caused relieved it of
 
                                                            -3-
 
liability for its alleged misrepresentations. See Copithorne v. Framingham Union Hosp., 401 Mass. 860, 865 (1988) (reversing summary judgment).
2. No Business Relationship. The Bank’s further assertion that it cannot be held liable under c. 93A because it had no direct commercial relationship and never entered into any transaction with Bokharis is also without merit. The Bokharis can prove that the Bank’s alleged malfeasance took place in a business context, and thus implicates c. 93A, by showing either “that the defendant had a commercial relationship with the plaintiffs or that the defendant’s actions interfered with ‘trade or commerce’ ” in some other way. See First Enterprise, Ltd. v. Cooper, 425 Mass. 344, 347 (1997) (emphasis added).
To prevail on a claim under G.L. c. 93A, a plaintiff must be able to show that the defendant engaged in “unfair or deceptive acts or practices ‘in the conduct of any trade or commerce.’ ” Office One, Inc. v. Lopez, 437 Mass. 113, 125 (2002), quoting G.L. c. 93A, § 2. That is true whether a claim is asserted by an individual consumer under § 9 or by a business under § 11. See Frullo v. Landenberger, 61 Mass. App. Ct. 814, 821 (2004). The ”trade or commerce” requirement is satisfied “when the defendant was operating in ‘a business context’ at the time of its allegedly unfair or deceptive activity.” UBS Financial Services, Inc. v. Aliberti, 483 Mass. 396, 411 (2019), quoting Feeney v. Dell Inc., 454 Mass. 192, 212 (2009).
“Parties need not be in privity for their actions to come within the reach of c. 93A.” UBS Financial Services, Inc. v. Aliberti, 483 Mass. 396, 410 (2019), quoting Kattar, 433 Mass. at 14–15. That is “because c. 93A allows any person who has been injured by trade or commerce indirectly affecting the people of this Commonwealth to bring a cause of action” (emphasis in original). Id., quoting Ciardi v. F. Hoffmann-La Roche, Ltd., 436 Mass. 53, 60 (2002).
For example, knowingly or recklessly conveying false information in order to help a client bring about a commercial transaction with a third party is a violation of c. 93A. See Kirkland Const. Co. v. James, 39 Mass. App. Ct. 559, 563- 564 (1995) (reversing dismissal of 93A claim against lawyers who conveyed alleged misrepresentation by client and thereby allegedly induced plaintiff to contract with lawyers’ client). The Bokharis’ c. 93A claim in this case is very similar to the claim in Kirkland Const.
The summary judgment record would support a finding at trial that the Bank was operating in a business context and interfered with trade or commerce by
 
                                                            -4-
 
intentionally or negligently misrepresenting the basis for its pre-approval letter, which had the foreseeable effect of inducing the Bokharis to enter into the P&S.
ORDER
Defendant’s motion for summary judgment (docket no. 11) is denied. The session clerk shall schedule a final pre-trial conference.
/s/Kenneth W. Salinger Justice of the Superior Court
February 18, 2026